LAW OFFICES OF YOLANDA HUANG
YOLANDA HUANG, SBN 104543
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 329-2140
Facsimile: (510) 580-9410

DENNIS CUNNINGHAM, SBN 112910
115A Bartlett St.
San Francisco, CA 94110
Telephone: 415-285-8091
Facsimile: 415-285-8092

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, GREGORY J. AHERN, BRETT M. KETELES, TOM MADIGAN, D. SKOLDQVIST, LT. HATTAWAY, SGT. CALAGARI (sp), DEPUTY DIVINE (512), DEPUTY DEBRA FARMANIAN, DEPUTY WEATHERBEE (238), DEPUTY TANIA POPE, DEPUTY WINSTEAD, DEPUTY CAINE, ALAMEDA COUNTY and DOES 1 thru 50.<br><br>Defendants. | No. 18-cv-<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES<br><br>(Civil Rights)<br><br>Demand for Jury Trial |

Plaintiffs JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAHL, and KELSEY ERWIN, on behalf of themselves and others similarly situated, allege as follows:

# INTRODUCTION

1. This case arises from a strong and highly reprehensible pattern and practice of aggressively misogynist, apparently programmatic, maltreatment of women prisoners—so severe as to have resulted in two recent miscarriages, and a third woman giving birth, alone and unattended, in a solitary confinement cell—at the Alameda County jail at Santa Rita, California. Several of the named plaintiffs (including those three) complain of specific, purposeful and aggravated violations of the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments to the U.S. Constitution, and parallel provisions of the California Constitution, detailed within, resulting in serious injury and deprivation under federal and state civil rights laws.

2. At any given time, Alameda County has approximately 250 women prisoners under its custody and control. On information and belief, plaintiffs allege that of these 250 women prisoners, at any given moment, approximately 10 are pregnant, and that over 2500 women with 150 of whom are pregnant, cycle through Santa Rita Jail in a year.

3. Plaintiffs Jaclyn Mohrbacher, Erin Ellis, Dominique Jackson, are three pregnant, female prisoners, currently incarcerated in Santa Rita Jail, who urgently seek emergency relief against defendants because they are pregnant, two of them four or five months pregnant and experiencing frequent "spotting" and bleeding from their vaginas, but have been repeatedly abused by being held in isolation cells, kept outdoors without sufficient warm clothing, and subjected to repeated accusations of drug abuse and strip searched. In concert with this abuse, plaintiffs and proposed class members are denied medical attention, denied required medication and all other needed accommodation —including warm clothing, blankets, healthy nutritious and sufficient food, fresh air, etc—by defendant staff members. Instead, defendants have repeatedly demanded that plaintiffs agree to have an abortion, accused said plaintiffs of being a drug addict, and refused all other recognition and assistance for each plaintiff's delicate condition. Other pregnant women—including those who miscarried—have similarly been scorned, branded and mistreated in the jail in recent times—to a further, under a regime marked by intense general hostility to women prisoners, and studied indifference to their serious medical and hygienic needs.

4. .  In addition, all named plaintiffs herein, including the three mentioned above and others whose injuries and deprivations at the hands of defendants do not involve pregnancy—but

very often do involve nasty and hostile refusals to acknowledge or respond to feminine hygienic needs—complain of extensive, systematic discrimination against the women prisoners at Santa Rita, compared to the men, in all aspects of life in the jail: food, access to clean clothes, fresh air and out-of-cell jobs, education, exercise and activities, counseling, phone calls, family visits, and more.

5. These women also seek injunctive relief, under the First, Fourth, Fifth and Fourteenth Amendments requiring a total cessation of inhumane and sexually biased treatment and forms of treatment of women prisoners by defendants, and effective, outside monitoring—on behalf of themselves and all others similarly situated, namely all women prisoners currently held or to be held in the future at the Santa Rita Jail, as a Class, per Rule 23, F.R. Civ P.; full compliance with 15 CCR 3355.2 including appropriately implemented, individualized, plan of care for all pregnant women to enable pregnant prisoners who desire to do so, to carry their babies to term and deliver healthy babies; that the unequal treatment of women prisoners cease; and, for the immediate implementation of the requirements of California statute including Penal Code §3409 on the care and treatment of women prisoners.

6. Within then, will be found the individual claims of the named plaintiffs, for equitable relief, and damages— together with a prayer for injunctive relief for the Class of women prisoners, and statements of the facts underlying the various claims and allegations. As will be seen, plaintiffs have named as defendants the Alameda County Sheriff, Gregory Ahern; Assistant Sheriff for Detention and Corrections, Brett Keteles, Commander for Detention and Corrections, Tom Madigan and Watch Commander for Santa Rita Jail, Capt. D. Skoldqvist along with a large number of officers and deputies, who are guards and other staff members at Santa Rita Jail, who have been involved in the various tyrannies against women prisoners complained of herein, and will or would be subject to the injunction(s) sought herein—and who, depending on the Court's outlook, may be more readily dealt with herein as a defendant Class.

7. Also named are the Sheriff's Department and the County itself, in respondeat with respect to the State Law claims herein; and also for their unconstitutional explicit and de facto polic(ies) of discrimination and systematic maltreatment—particularly of pregnant and menstruating women, within the rule of *Monell v. Dept. of Social Services*, 436 US 568.

Mohrbacher v. Alameda County Sheriff's Office.

## JURISDICTION & VENUE

8. The Jurisdiction of this honorable Court derives from the provisions of the First, Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United State Constitution, by way of the Civil Rights Acts, 42 U.S.C. §§1981 (as to certain plaintiffs), 1983 et seq. and 1988; 28 U.S.C. §1331 (claims arising under the United States Constitution) and §1343 (claims brought to address deprivations, under color of state authority, of rights privileges, and immunities secured by the United States Constitution), and, by pendent jurisdiction, Secs. 52.1, and 50, of the California Civil Code. Jurisdiction is proper under 28 U.S.C. 1391 because the events took and take place in this District, and the parties generally reside here.

## INTRADISTRICT ASSIGNMENT

9. The claims alleged herein arose in the County of Alameda, State of California. Therefore, venue and assignment, under 28 U.S.C. § 1391(b), lies in the United States District Court for the Northern District of California, San Francisco Division or Oakland Division.

## PARTIES

10. JACLYN MOHRBACHER is currently in the custody and control of the Alameda County Sheriff's office. Plaintiff and prisoner Mohrbacher is pregnant and wants to carry the pregnancy to term, have a healthy baby, and wants the necessary nutrition, medical and other support required in order to do so.

11. ERIN ELLIS is currently in the custody and control of the Alameda County Sheriff's office. Plaintiff and prisoner Ellis is pregnant and wants to carry her pregnancy to term, have a healthy baby, and wants the necessary nutrition, medical and other support required in order to do so. Plaintiff ELLIS is suffering from health complications, including a prior stroke.

12. DOMINIQUE JACKSON is currently in the custody and control of the Alameda County Sheriff's office. Plaintiff and prisoner Jackson is currently 17 weeks pregnant with twins and wants to carry her pregnancy to term, have healthy babies, and wants the necessary nutrition, medical and other support required in order to do so. Plaintiff JACKSON is suffering from health complications, including a previous heart attack, and was deemed prior to her incarceration, by her treating physician, as a high-risk pregnancy.

13. CHRISTINA ZEPEDA is a formerly incarcerated prisoner of SANTA RITA JAIL, is a long-time resident of Alameda County, and during her incarceration, suffered a miscarriage due to

the mistreatment received while incarcerated at Santa Rita Jail.  During her incarcerations, she also experienced the repeat, rampant, and continual and mistreatment including the unequal (as compared to men) treatment, that women prisoners receive.

14. ALEXIS WAH is a long-time resident of Alameda County.  She is a formerly incarcerated prisoner of Santa Rita Jail.  During her incarcerations she endured the repeat, rampant, and continual and mistreatment including the unequal (as compared to men) treatment, that women prisoners receive.

15. KELSEY ERWIN is a long-time resident of Alameda County.  She is a formerly incarcerated prisoner of Santa Rita Jail.  During her incarcerations she endured the repeat, rampant, and continual and mistreatment including the unequal (as compared to men) treatment, that women prisoners receive.

16. Defendant ALAMEDA COUNTY SHERIFF'S OFFICE is a "public entity" within the definition of Cal. Gov. Code § 811.2.

17. Defendant GREGORY J. AHERN is the Sheriff for Alameda County.  As such, he has caused, created, authorized, condoned, ratified, approved or knowingly acquiesced in the illegal, unconstitutional, and inhumane conditions, actions, policies, customs and practices that prevail at Alameda County jails, as described below. He has, therefore, directly and proximately caused, and will continue to cause in the future, the injuries and violations of rights set forth below. Defendant Ahern is sued in his official capacity only.

18. Defendant BRETT M. KETELES is the Assistant Sheriff for Alameda County in charge of the Detentions and Corrections Unit.   Defendant TOM MADIGAN is the commander in charge of the Detentions and Corrections Unit which includes the two Alameda County jails, Glen Dyer and Santa Rita, and was so in charge of Santa Rita Jail on December 26, 2016. Defendants BRETT KETELES and TOM MADIGAN hold command and policymaking positions in the Alameda County Sheriff's Office.  They, along with Defendant Ahern, participated in the planning, supervision, and the execution of the manner in which plaintiffs and class members are incarcerated in the Alameda county jail facilities and ACSO's conduct complained of herein.  Defendants BRETT KETELES and TOM MADIGAN caused, created, authorized, condoned, ratified, approved or knowingly acquiesced in the illegal, unconstitutional, and inhumane conditions, actions, policies, customs and practices that prevail at Alameda County jails, particularly as to the treatment of women as described

below.

19. At all times relevant herein, all of the above individual Defendants AHERN, KETELES, and MADIGAN were officers and employees were acting under the color of law, under color of authority and in the scope of their employment as Command and Supervisory Personnel of the Alameda County Sheriff's Office.  Additionally, upon information and belief, one or more of these Defendants failed, with deliberate indifference to Plaintiffs' and class members' rights, to adequately train and supervise ACSO sheriff's deputies and staff who were involved in violating the rights of the Plaintiffs and class members. All of the above individual defendants are sued in their official capacities.

20. Defendant D. SKOLDQVIST was and is the Watch Commander for Santa Rita Jail. Defendants D. SKOLDQVIST, LT. HATTAWAY and  SGT. CALAGARI (sp), were the responsible officers for Santa Rita Jail.   Defendants, D. SKOLDQVIST LT. HATTAWAY, SGT. CALAGARI (spa) at all times relevant herein, are and where employees of the Sheriff who held supervisory, command and/or policy-making positions, and who participated in the authorization, planning, supervision, and the execution of the sheriff's conduct complained of herein.

21. At all times relevant herein, all of the above individual Defendants DEPUTIES DIVINE, DEBRA FARMANIAN, WEATHERBEE, TANIA POPE, WINSTEAD, and CAINE, were officers and employees were acting under the color of law, under color of authority and in the scope of their employment with the Alameda County Sheriff's Office, and were the guards and deputies on duty at Santa Rita Jail with direct control over plaintiffs and members of the class.

22. Defendant COUNTY OF ALAMEDA is a "public entity" within the definition of Cal. Gov. Code § 811.2.

23. Plaintiff is informed and believe and therefore allege that each of said defendants DOES 1 through 50, are and/or were agents or employees of Defendants COUNTY OF ALAMEDA and ALAMEDA COUNTY SHERIFF'S OFFICE, and acted within the scope of that agency or employment or under color of state law.   DOE 1-50 are defendants who caused, and are responsible for, the below-described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or

actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiffs' rights to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action. Plaintiff alleges that DOE 1 through 50 proximately caused said incidents, injuries, violation of constitutional and legal rights, and damages by reason of their negligence, breach of duty, negligent supervision, management or control, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOE 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained and will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained. DOE 1 through 50 are sued in their individual and official capacities.

**EMERGENCY RELIEF**

24. As spelled out in moving papers filed herein of even date, prisoner-plaintiffs JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON are in dire straits in the Santa Rita Jail at this moment, and continuously, all being pregnant and in substantial discomfort, with intermittent bleeding, having health complications including plaintiff ELLIS having previously suffered a mild stroke, and plaintiff JACKSON behaving previously suffered a heart attack and being pregnant with twins and having her physician, who was treating her prior to her incarceration, declaring that she is a high risk pregnancy, and having been explicitly and pointedly denied and refused any and all assistance or accommodation for her condition—including but not limited to any meaningful attention by a doctor or other qualified practitioner. Defendant MOHRBACHER —being told by every defendant staff member she has had contact with that her only and best recourse is to agree to an abortion.

25. In circumstances where—as all the plaintiff-prisoners are acutely aware—two pregnant women have recently miscarried in the jail after being— pointedly, again, and with unmistakable malice—denied any and all medical assistance, this plaintiff is in legitimate great fear that she will be ignored and left to languish without help, even if she begins to miscarry, unless this Court intervenes with Order(s) sufficient to guarantee protection of her

health and well-being, and that of her unborn child.

## CLASS CLAIM

26. This abuse and mistreatment is part and parcel of defendants and each of their violations of existing jail policies and procedures, California statutes and California regulations. Despite repeated complaints and even prior lawsuits, defendants and each of them failure and refusal to comply with policies and procedures, California statutes and California regulations, even after notification of resulting injuries and harms, indicates callous and wanton and deliberate disregard for the safety, health and well being of the women prisoners under their control, and clearly shows programmatic mistreatment and abuse of women prisoners.

27. The class is so numerous that joinder is impracticable. In any given year, there are over one hundred pregnant women who are in defendants' custody. Joinder is inherently impractical because the number of unnamed, future class members who will be pregnant while in defendants' custody is unknown and unknowable, especially given the transient nature of the plaintiff population in defendants' custody and the temporal limitations of pregnancy. Proposed class members are highly unlikely to file individual suits on their own behalf given the practical, legal, monetary, and fear-based barriers that prevent their ability to access independent counsel to challenge defendants' abusive, coercive and punitive measures; not to mention defendants' active measures preventing proposed class members from communicating amongst themselves and with legal counsel.

28. The claims of the Plaintiff Class members share common issues of law, including but not limited to whether: i) discrimination against women in access to services, classes, ability to work, rights and privileges; and ii) failure to comply with state laws and regulations on meeting the needs of women's reproductive and menstrual needs; iii) disparate and unequal treatment of women in ways that are inferior to the treatment of men, including the priority given to processing, always, the men first, meting out stricter and more severe punishments to women particularly for minor infractions, limiting and prohibiting women but not men from communicating and conversing amongst themselves; iv) prohibiting class members from communicating amongst themselves and with legal counsel; violate the Constitution.

29. The claims of the Plaintiff Sub-Class members who are pregnant while under the custody and control of defendants, share common issues of law, including but not limited to whether: i) defendants' programmatic coercion for abortions; ii) abuse and mistreatment of pregnant

prisoners which threaten the viability of fetuses and often terminate the viability of fetuses; iii) defendants' failure to develop and or appropriate implement statutorily required care plans; violate the Constitution.

30. The claims of the Plaintiff Class members share common issues of fact, including but not limited to the implementation of Defendants' policy and practice is discriminatory against all women prisoners, and of harm to pregnant women so as to impair the viability of their fetuses and programmatic coercion to abortions.

31. The claims of plaintiffs are typical of the claims of members of the Plaintiff Class.

32. The named Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class. The named Plaintiff has no interest that is now or may be potentially antagonistic to the interests of the Plaintiff Class. The attorneys representing the named Plaintiff are experienced civil rights attorneys and are considered able practitioners in federal constitutional litigation. These attorneys should be appointed as class counsel.

33. Defendants have acted, have threatened to act, and will act on grounds generally applicable to the Plaintiff Class, thereby making final injunctive and declaratory relief appropriate to the class as a whole. The Plaintiff Class may therefore be properly certified under Fed. R. Civ. P. 23(b)(2).

34. Prosecution of separate actions by individual members of the Plaintiff Class would create the risk of inconsistent or varying adjudications and would establish incompatible standards of conduct for individual members of the Plaintiff Class. The Plaintiff Class may therefore be properly certified under Fed. R. Civ. P. 23(b)(1).

## STATEMENT OF FACTS

35. The Alameda County Sheriff's Office, authorized under the Alameda County Charter to run and operate the county jails, runs two jails in Alameda County, one in Dublin named Santa Rita, the other in Oakland, named glen Dyer. Currently, the Sheriff processes and holds women only at Santa Rita jail. At any one time, there averages 250 women prisoners with about 10 pregnant women in Santa Rita Jail, and on information and belief, 2500 women prisoners with 150 pregnant women through the year.

36. The sheriff's mission statement says that the Sheriff is to provide "humane treatment to hose in our custody." While:

> Ability to enforce the law fairly;

> Commitment to professionalism;
>
> Service to the community with integrity and trust;
>
> Obligation to duty with honor and pride.

The facts pled herein show that women prisoners are not treated humanely, and the law is not fairly applied.  Women receive discriminatory and unfair treatment on a routine daily basis including being short changed on access to education and work, and greater limitations than male prisoners to clean laundry, feminine hygiene products, the ability to converse, the ability to choose even where to sit during meals.

37. As part of the Sheriff's obligations, pursuant to 15 CCR §3355.2, the Sheriff is required to have each pregnant inmate examined by an Obstetrical Physician or Obstetrical Nurse Practitioner, and to develop a plan of care.   Defendant Gregory Ahern, the current Sheriff of Alameda County does not develop a plan of care for each pregnant prisoner, and if a care plan is developed, the appropriate measures are not implemented.  The actual care or rather abuse provided does not  take into consideration the harmful and detrimental consequences to mother and fetus of the unnecessary punitive, and stress inducing regimens at Santa Rita jail, including the frequent and all pervasive strip searches and body cavity searches, the excessive incarceration in cold, concrete holding cells, the rampant use of solitary confinement, the routine and regular disregard of pregnant women prisoner's request for medical attention, and the harassment of pregnant women prisoner's as engaged in the use of illegal drugs, and the over arching administrative policy of coercing women to abort their babies, or the programmatic maltreatment which results in a majority of miscarriages amount pregnant women prisoners.

38. Plaintiffs are women in the custody and control of defendants.  The first three named plaintiffs are pregnant.  None of them have received an appropriate plan of care.   None of them have received an appropriate or thorough examination by an Obstetrical Physician or an Obstetrical Nurse.  Instead, the regimen and care includes minor additions in food allotments, disturbed sleep, and regular intimidation, harassment and physical abuse in the form of frequent strip searches, body cavity searches and incarceration in solitary confinement cells, held outdoors or in cold, concrete holding cells without adequate clothing and encouragement and coercion to abort their fetus.

Mohrbacher v. Alameda County Sheriff's Office.

39. The plan of care includes vital signs monitoring which interrupt the vital sleep of pregnant prisoners. The only additional nutrition is peanut butter and jelly twice a day and extra ratios of milk. And whereas some of the women have vital signs monitored daily with sleep disruption. Others receive no monitoring for weeks on end.

40. Instead of medical care, complaints of feeling ill are treated with solitary confinement, strip searches and cavity searches. Pregnant prisoners are told that their illness is due to drug abuse.

41. The provision of food is at such odds with human needs, that breakfast is served between 3:30 am, and 4:30 a.m. and missing breakfast results in a 19 hour fast, which is detrimental to the nutrition needs of fetuses and pregnant women.

42. Instead of providing Plaintiffs with adequate menstrual pads as required by State law for Plaintiffs' hygiene and reproductive needs, Plaintiffs are left to bleed over their clothing, or at times have been offered used menstrual pads out of garbage cans.

43. For women who end up in incarceration during a late term pregnancy, Santa Rita does not provide even adequate care. Recently, one woman who complained of cramps and pain, was placed into solitary confinement per Santa Rita's standard routine of meting out punishment and abuse onto pregnant prisoner. This woman was forced to deliver her baby, alone, in solitary confinement.

44. Defendants' abuse and mistreatment of women prisoners is part and parcel of the discrimination and unequal treatment meted out to women prisoners as compared to male prisoners. Women prisoners are denied the same educational classes and opportunities available to male prisoners. Women prisoners are denied the same access to outdoor or yard time and yard space available to male prisoners. Defendants impose greater repression and restrictions on plaintiffs which male prisoners are not subject to, including being prohibited from talking during meals, and being forced to sit on the seats that defendants assigned.

45. This abuse and mistreatment is part and parcel of defendants and each of their violations of existing jail policies and procedures, California statutes and California regulations. Despite repeated complaints and even prior lawsuits, defendants and each of them failure and refusal to comply with policies and procedures, California statutes and California regulations, even after notification of resulting injuries and harms, indicates callous and wanton and deliberate disregard for the safety, health and well being of the women prisoners under their control, and

Mohrbacher v. Alameda County Sheriff's Office.

clearly shows programmatic mistreatment and abuse of women prisoners.

46. Defendants also have actively prevented and interfered with plaintiffs' and proposed class members ability to speak with counsel, and have taken actions in retaliation of plaintiffs' efforts to file grievances and highlight these abuses.

# CLAIMS FOR RELIEF

# FIRST CLAIM FOR RELIEF

**Violation of the First, Fourth, Fifth, Eighth and Fourteenth Amendments To United States Constitution and Against Cruel & Unusual Punishment**

**(42 U.S.C. § 1983)**

47. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 of this complaint.

48. Plaintiffs advance this claim on their own behalf, and on behalf of all class members against all defendants.

49. Defendants have deprived and continue to deprive plaintiffs and the class of the minimal civilized measure of life's necessities, and have violated their basic human dignity and their right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution for each of the reasons set forth below.

50. There is no valid penological reason to pointedly and systematically refuse and deprive female prisoners, particularly pregnant prisoners of needed and necessary medical care, and accommodation of any sort—balanced, healthy and adequate diet; counseling, exercise, blankets and warm clothes, and a minimum of cleanliness, soap and cleaning supplies.

51. There is no valid penological reason to pointedly and systematically use isolation cells and strip searches as a tool of punishment and intimidation particularly with pregnant prisoners.

52. There is no valid penological reason to coerce and threaten pregnant prisoners into consenting to an abortion.

53. There is no valid penological reason to programmatically abuse pregnant women so as to impair the viability of their fetuses and potentially or actually cause a miscarriage including holding women outdoors in the cold without adequate outwear and for extended periods of time.

54. There is no valid penological reason to treat women in manners different and harsher than

men, including for male prisoners over women to receive priority in processing over women prisoners, for women prisoners to have routinely longer waits in holding cells, for women prisoners and not men prisoners to be denied the right to communicate while eating, for women prisoners and not men prisoners to be denied the right to choose where to sit and whom to sit next to during meals, for women prisoners to have fewer choices in education and classes than men prisoners, for women prisoners to have fewer choices in jobs outside their cells than men prisoners, for women prisoners to be more frequently and routinely strip searched and subjected to body cavity searches than men prisoners, for women prisoners to be more frequently denied clean laundry or sufficient laundry than men prisoners, for women prisoners to have less access to recreation and exercise activities than male prisoners, as well as other discriminatory practices subject to proof at trial.

55. Defendants and each of their deliberate indifference to these basic human needs violates defendants' own policies and the policies of the civilized world, including the United Nation's Standard Minimums for Treatment of Prisoners, adopted in 1955; the European Union's European Prison Rules adopted in 2006;the First, Fourth, Fifth, Eighth and Fourteenth Amendment to the United States Constitution; and, Article 1 §17 of the California Constitution.

### SECOND CLAIM FOR RELIEF
**Violations of the Fourth, Fifth, Eighth and Fourteenth Amendments To United States Constitution**
**Constitutionally Impermissible Punishment**
(42 U.S.C. § 1983)

56. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 55 of this complaint.

57. Plaintiffs advance this claim on their own behalf, and on behalf of all class members against all defendants.

58. Defendants are entitled to the execution of policies and practices that are needed to preserve internal order and discipline, and to maintain institutional security.

59. There is no penological reason for the frequent and regular strip searches and body cavity searches of women prisoners, and the frequency and regularity of the requirement that women prisoners strip naked in front of defendants, and have their personal and private parts inspected

by defendants is impermissible sexual harassment.

60. There is no penological justification for holding class members outdoors without adequate outer wear, or to hold them for extended periods of time in solitary confinement, or to routinely strip search and subject class members to body cavity searches, and to deny class members the right to speech during meals and pod times, the right to choose where to sit and with whom to associate with during meals and pod time.

61. There is no penological justification for punishing class members for sharing information on the rules and regulations of Santa Rita Jail, when defendants violate their own policies and procedures in not providing class members with the information regarding Santa Rita's policies and procedures.

62. There is no penological justification for inconsistent and variable enforcement of rules, and to have arbitrary enforcement of rules, to allow individual defendants individually interpret and enforce institution rules, or to allow individual defendants to develop personal "rules" which are enforceable when said defendant is on duty.

63. Defendants deliberately inflicted these impermissible punishments in violation of the Fourth, Fifth, Eighth and Fourteen Amendments to the United States Constitution; and, Article 1 §§7 & 17 of the California Constitution as described herein.

### THIRD CLAIM FOR RELIEF
### Violation First and Fifth Amendment To United States Constitution
### (42 U.S.C. § 1983)

71. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 70 of this complaint.

72. Plaintiffs advance this claim on their own behalf, and on behalf of all class members against all defendants.

73. There is no penological justification for punishing pregnant class members when they refuse to consent to an abortion.

74. There is no penological justification for holding class members outdoors without adequate outer wear, or to hold them for extended periods of time in solitary confinement, or to routinely strip search and subject class members to body cavity searches, and to deny class members the right to speech during meals and pod times, the right to choose where to sit and with whom to associate with during meals and pod time.

Mohrbacher v. Alameda County Sheriff's Office.

75. Defendants intentionally inflict these punishments to violate Plaintiffs' and Class Members' rights under the First and Fifth Amendment of the United States Constitution and Article 1 §2 of the California Constitution.

## FOURTH CLAIM FOR RELIEF
### Violation of California Constitution Article 1 §1 Right to Privacy

76. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 76 of this complaint.
77. Plaintiffs advance this claim on their own behalf, and on behalf of all class members against all defendants.
78. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with plaintiffs' enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §§51.7.[1]

## FIFTH CLAIM FOR RELIEF
### Violation of California Civil Code § 52.1

79. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 78 of this complaint.
80. Plaintiffs advance this claim on their own behalf, and on behalf of all class members against all defendants.
81. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with plaintiffs' enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code section 52.1.[1]

---

[1] Due to the exigent circumstances of the pregnant defendants, plaintiffs brought forward this action and are in the process of perfecting the State claims and will amend accordingly.

1

Mohrbacher v. Alameda County Sheriff's Office.

## SIXTH CLAIM FOR RELIEF

### Negligence

82. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 81 of this complaint.

83. Plaintiffs advance this claim on their own behalf, and on behalf of all class members against all defendants.

84. Defendants have a duty of care to plaintiffs to ensure that defendants did not cause unnecessary or unjustified harm to plaintiffs, and a duty of care to hire, train, supervise and discipline Alameda County Sheriff's Office officers and employees so as to not cause harm to plaintiffs and to prevent violations of plaintiffs' constitutional, statutory and common law rights.

85. The above-described acts and omissions of defendants breached the duty of care defendants owed to the named individual plaintiffs.

Mohrbacher v. Alameda County Sheriff's Office.

**RELIEF REQUESTED**

Wherefore, Plaintiffs respectfully requests that the Court enter judgment in their favor and:

1. Certify this action as a class action under Federal Rule of civil Procedure 23.
2. Declare, pursuant to 28 U.S.C. § 2201, that Defendants' actions, as set forth above, violate the 1st, 4th, 5th, 8th and 14th Amendments to the United States.
3. Enter a Temporary Restraining Order preventing defendants from:
    a. placing pregnant prisoners in solitary confinement;
    b. placing pregnant prisoners outdoors without adequate outerwear, and clothing;
    c. holding pregnant prisoners outdoors for any length of time;
    d. punishing or threatening to punish women prisoners for exercising their right to free speech during meals or during POD times;
    e. touching or searching plaintiff's food unless defendants' hands are covered in clean, and new sanitary gloves;
    f. coerce pregnant female prisoners into abortions;
4. Enter a Temporary Restraining Order mandating defendants as follows:
    a. Fully comply with state statutes and regulations and develop an individual care plan for each and every pregnant prisoner;
    b. fully comply with state law and provide sufficient materials for each and every female prisoner "necessary for (1) personal hygiene with regard to her menstrual cycle and reproductive system" (Penal Code §3409) during the entire duration of her incarceration under the custody of defendants.
    c. Permit confidential legal contact visits between plaintiffs, class members and their attorneys
5. Enter a preliminary injunction as to the Plaintiff Class;
6. Enter a permanent injunction preventing defendants from:
    a. placing pregnant prisoners in solitary confinement;
    b. placing pregnant prisoners outdoors without adequate outerwear, and clothing;
    c. holding pregnant prisoners outdoors for any length of time;
    d. punishing or threatening to punish women prisoners for exercising their right to free speech during meals or during POD times;

    e.    coerce pregnant female prisoners into abortions;

7. Enter a Permanent Injunction mandating defendants as follows:

    a.    Fully comply with state statutes and regulations and develop an individual care plan for each and every pregnant prisoner;

    b.    fully comply with state law and provide sufficient materials for each and every female prisoner "necessary for (1) personal hygiene with regard to her menstrual cycle and reproductive system" (Penal Code §3409) during the entire duration of her incarceration under the custody of defendants.

    c.    Permit confidential legal contact visits between plaintiffs, class members and their attorneys

8. Award compensatory and punitive damages to Plaintiffs against Defendants in an amount to be determined at trial;

9. Award costs and fees for this action, including attorneys' fees;

10. Award such further relief as this Court deems appropriate.

ATTORNEYS FOR PLAINTIFFS

LAW OFFICE OF YOLANDA HUANG

By: _/s/ Yolanda Huang_
      YOLANDA HUANG

DENNIS CUNNINGHAM

_/s/ Dennis Cunningham_