LAW OFFICES OF YOLANDA HUANG
YOLANDA HUANG, SBN 104543
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 329-2140
Facsimile:  (510) 580-9410

DENNIS CUNNINGHAM, SBN 112910
115A Bartlett St.
San Francisco, CA 94110
Telephone: 415-285-8091
Facsimile:  415-285-8092

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | No. 13-cv-0050<br><br>MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND FOR AN EMERGENCY HEARING |

**1.**

Certain plaintiffs herein respectfully ask to come before the Court immediately, on an emergency basis, seeking its urgent intervention by way of peremptory Orders that will overcome defendants' stout and remorseless refusal to provide needed elementary medical attention and proper pre-natal care to pregnant women, plaintiffs, imprisoned in the Alameda County Jail at Santa Rita.

These three named plaintiffs, JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, Santa Rita prisoners, each of them experiencing some difficulty in their pregnancy, as will be shown, are being pointedly and systematically refused and denied needed, necessary medical care, and accommodation of any sort—balanced, healthy and adequate diet; counseling, exercise,

blankets and warm clothes—for their delicate condition, by defendant jail guards and supervisors at Santa Rita. Instead, they have been repeatedly told they should get abortions.

Defendants' striking antagonism and remorseless punitive attitude towards plaintiffs both magnifies and confirms the grievous and mounting threat to the welfare of these women—and their unborn children. Moreover, this is in circumstances where all concerned are well aware that at least two other pregnant women have miscarried at Santa Rita in recent weeks, and Plaintiffs here allege and believe the same antagonism, callousness, and denial of adequate care, diet, exercise, blankets and warm clothes and fresh air—let alone well-considered counseling and planning assistance and other necessities of health and preparation for an expectant mother—which they also experience, led to those miscarriages and fetal deaths.

But, instead of a natural and humane response to plaintiffs, and pursuant to an evident illicit, unconstitutional, misogynist policy and practice of the Sheriff's Department—which is further and more broadly challenged by these plaintiffs and others in the within lawsuit—plaintiffs and others are routinely scorned, abused, denied and refused by defendant guards and other staff in the Jail. These three women in particular, movants, whose pregnancy is the point, in addition to being denied decent, reasonable and obviously necessary medical care by defendants while known to be pregnant, have been kept in handcuffs and other restraints for long periods for no good reason; left in solitary confinement—where another woman recently was confined alone and unattended while she actually gave birth—repeatedly and redundantly strip-searched for no good reason; left outdoors in the cold, in restraints, without wraps, for hours on end; accused again and again of dope use and addiction, and angrily told they should have abortions, all by defendant jail guards, supervisors and commanders, in a systematic program and practice of the defendant Department and its commanders and exemplars, all as more fully set out in the attached Declarations and the within Complaint.

**2.**

In addition, as a separate but inextricably intertwined emergency matter, Counsel would report to the Court that her investigation of reports about the plight of women prisoners at Santa Rita, and pregnant women in particular—and then of the stillbirths, and the woman who was left to give birth alone in solitary confinement—led to the particulars regarding the above-named plaintiffs, and particularly Plaintiffs ERIN ELLIS and DOMINIQUE JACKSON. Both of these plaintiffs requested Ms. Huang to visit and consult, and Plaintiff JACKSON told Attorney Huang on the phone from the Jail that she was sick, and poorly nourished and not receiving necessary medication and getting no

help.  When she went to visit Plaintiff DOMINIQUE JACKSON however, on Friday, December 29, 2017, on the orders of defendant jail officials, and in particular Defendant Sgt. CALAGARI, on orders of Defendant Lt. HATTAWAY, all legal visits were denied.

There was no conceivable legal or reasonable grounds for defendants to prevent plaintiffs from receiving a visit from an attorney when she needed help, or to refuse Attorney Huang the right to contact her client or prospective client in the jail.  Rather, defendants, awakening to the threat of her developing investigation of their scandalous tyranny against women, acted arbitrarily—and knowingly without grounds (wrong on purpose)— to disrupt it.

Accordingly, in addition to provision for reasonable and adequate medical attention and proper ongoing pre-natal care for themselves, plaintiffs—joined by counsel in her own right, without elaboration here—ask the Court to instruct and order defendants to cease and desist from any interference in the visiting rights, privileges and conveniences of Attorney Yolanda Huang, and any other attorneys, investigators and/or qualified legal assistants who may need or desire access to women prisoners at Santa Rita in connection with activities in the within lawsuit and Class Action, and/or their in-person access to persons held prisoner, or otherwise interfering with attorney-client communication in this matter.

**3.**

This motion is based on the memorandum of points and authorities submitted herewith, all declarations, pleadings and filings filed in this action, and such oral arguments and evidence as may be presented at a hearing on the motion.  The grounds for this application are that Defendants' actions and policies violate the 1st, 4th, 5th, 8th and 14th Amendments to the United States Constitution, California Penal Code §3409 and 15 CCR 3355.2, and plaintiffs will suffer irreparable injury if the Defendants are not enjoined; that Defendants will not be injured if a temporary restraining order issues; and that the public interest favors the issuance of a temporary restraining order.

The issuance of a temporary restraining order and/or preliminary injunction will not harm Defendants, since it is not in the public interest to cause plaintiffs to miscarry, or to cause plaintiffs' babies to be stillborn.

This motion should be granted because plaintiffs have been experiencing vagina bleeding, cramps and other medical discomfort which could indicate serious problems with plaintiffs' pregnancy.  Plaintiffs require immediate competent medical attention from a board certified

obstetrics/gynecologist (Ob-Gyn). Furthermore, two of the plaintiffs, ERIN ELLIS and DOMINIQUE JACKSON have medical complications and the additional and continuing inflictions of institutional and programmatic harassment and assaults could have serious repercussions not only for the viability of their pregnancy, but present an ever-increasing risk for the health and wellbeing of plaintiffs.  Extended delay could impair or threaten the viability of plaintiffs' fetus.

Plaintiffs respectfully moves the Court to schedule a hearing on their application for a temporary restraining order not later than the morning of Monday, January 8, 2018 or any alternative date or time that the Court sees fit so as to enable it to issue a ruling on Plaintiff's motion at or before the close of business on Monday, January 8, 2018.  Lead counsel, YOLANDA HUANG, who has the most direct information and contact with plaintiffs will be flying east for her mother's funeral on January 9, 2018, and will not be available  until January 16, 2018.

WHEREFORE, these three named movants—without prejudice to their other claims or the claims of others herein, and upon the legal principles set forth below—respectfully but urgently request this honorable Court, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, to quickly enter a peremptory Order on and against Sheriff Gregory Ahern, and other officers and employees including the following defendants: BRETT M. KETELES, TOM MADIGAN, D. SKOLDQVIST,  LT. HATTAWAY, SGT. CALAGARI (sp), DEPUTY DIVINE  (512), DEPUTY DEBRA FARMANIAN, DEPUTY WEATHERBEE (238),  DEPUTY TANIA POPE, DEPUTY WINSTEAD, DEPUTY CAINE, and all their subordinates,:

1) to permit immediate full and adequate, sanitary access to each of them, and all necessary follow-up, by a qualified OB-Gyn physician designated by plaintiffs, and any needed assistants, and directing them also to facilitate any necessary follow-up care including adequate nutrition and medical care or other action to protect the health and well-being of these (and other) prisoners who are mothers-to-be, and their children-to be, to develop an appropriate and necessary plan of care; and,

2)  The Court also ought to direct that no punitive or arbitrary actions—such as pointless shackling and strip searches, confinement outdoors in the cold or with open windows, denial of clean laundry or toilet or feminine products and the like—be taken against plaintiffs or other women prisoners

3) And the Court is asked further to direct defendants and all of them and theirs to cease any interference or temporizing with attorney visiting or communication rights and privileges of

Yolanda Huang, Esq. or any other attorneys, investigators or qualified legal assistants working on this case; and

4) to grant such other and further relief, including emergency relief, as may bre deemed just and appropriate.

Dated: Jan. 4, 2018              Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS

LAW OFFICE OF YOLANDA HUANG


By:    /s/ Yolanda Huang
            YOLANDA HUANG


DENNIS CUNNINGHAM


    /s/ Dennis Cunningham
         DENNIS CUNNINGHAM

Ghysels v. IFC, et al. 1.9.2014