LAW OFFICES OF YOLANDA HUANG
YOLANDA HUANG, SBN 104543
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 329-2140
Facsimile:  (510) 580-9410

DENNIS CUNNINGHAM, SBN 112910
115A Bartlett St.
San Francisco, CA 94110
Tel/Fax: 415-285-8091
denniscunninghamlaw@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALAMEDACOUNTYWOMEN PRISONERS And Former Prisoners & Pregnant Prisoners,** JAC JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, And JANE DOEs Nos. 1-- X on behalf of themselves and others similarly situated, <u>as a Class, and Sub-class</u>, <br><br>     Plaintiffs, <br><br>     vs. <br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, GREGORY J. AHERN, BRETT M. KETELES, TOM MADIGAN, T. POPE, T. RUSSELL, D. SKOLDQVIST, LT. HATTAWAY, SGT. CALAGARI, DEPUTY DIVINE (#512), DEPUTY DEBRA FARMANIAN, DEPUTY WEATHERBEE (#238), DEPUTY TANIA POPE, DEPUTY WINSTEAD, DEPUTY CAINE,  ALAMEDA COUNTY   and John & Jane DOEs, Nos. 1 - 50. <br>     Defendants, **and,** <br>**The CALIFORNIA FORENSIC MEDICAL GROUP**, a corporation; its Employees and Sub-Contractors,  and Rick & Ruth ROEs Nos. 1-50,  **Newly Added Defendants.** | No. 18-cv-50 <br><br>**FIRST AMENDED COMPLAINT** for INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS and OTHER WRONGS <br><br><br>**Jury Trial Demanded** |

Page 1 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

Plaintiffs JACLYN MOHRBACHER, ERIN ELLIS, and DOMINIQUE JACKSON, now joined by others named within, on behalf of themselves and those they speak for and seek to represent herein---along with those others now named and to be named individually as plaintiffs---for themselves and others, pursuant to the Court's discussion with Counsel at the status call on January 8, 2018, and as of right per R.15(a) F.R.Civ P, now submit this amended version (FAC) of their previously filed Complaint, as follows:

## I. INTRODUCTION

1. Plaintiffs have alleged a strong and reprehensible, and unconstitutional pattern and practice of aggressively misogynist, apparently programmatic, maltreatment of women prisoners, and pregnant women in particular—so severe as to have resulted *inter alia* in at least three recent miscarriages, and another woman giving birth after screaming in labor pain all night, while alone and unattended in a solitary confinement cell—at the Alameda County jail at Santa Rita, California. The named individual plaintiffs describe and complain of specific, purposeful, aggravated violations of the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments to the U.S. Constitution, and parallel provisions of the California Constitution, along with flagrant violations of statute and official regulations, all detailed within, resulting in serious injury and deprivation under federal and state civil rights laws for which various individuals seek damages herein.

2. More to the point, the representative plaintiffs have alleged that the Sub-class of pregnant prisoners, and each of them, are strongly threatened with irreparable harm---and have no adequate remedy at Law for it, obviously---resulting from grossly inadequate nourishment, warmth, sanitation medical care and other necessities of pregnancy, unless this honorable Court will intervene in a strong and comprehensive way, either by causing the Sheriff's Department to hold or assign women prisoners who are pregnant in some place besides the Jail, or making a preliminary and permanent decree, with prohibitions and remedial directions, and follow through to ensure compliance. Defendants' maltreatment and abuse of prisoners who are pregnant involves apparently willful violations of existing jail policies and procedures, and California statutes and Regulations, as well as fundamental constitutional principles. Despite repeated complaints and even prior lawsuits, defendants have repeatedly failed to follow policies, statutes and regulations, even after being notified of resulting injuries and harms.

3. Described within, the plaintiffs' evidence shows callous, deliberate and systematic disregard for the safety, health and wellbeing of pregnant women prisoners in defendants' custody and control, <u>and</u>

Page 2 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

<u>their unborn children</u>---whose interests surely deserve independent protection---and the Court must put a stop to it.  At a minimum, every pregnant prisoner must be provided with an individualized, appropriate and implemented plan of care---as required by statute and regulation!---which will genuinely assist and enable those who desire it to carry their babies to term and deliver healthy babies,

4. **New Defendant(s).**  As we learned at the hearing, the Sheriff and the County defendants broadly deny any responsibility for care of pregnant prisoners, and assert that their contract medical provider, the California Forensic Medical Group ("CFMG"), a for-profit corporate enterprise, is wholly responsible for all aspects of the care and treatment of pregnant women prisoners; and they insist CFMG is an indispensible party, at least.  Plaintiffs reject any notion that blame is to be shifted here, but are glad to include these others who apparently share it, or some of it.  The proper care of pregnant women clearly goes beyond provision of adequate medical attention.

5. **Accordingly, plaintiffs do hereby add as defendants and complain against the CALIFORNIA FORENSIC MEDICAL GROUP (CFMG), a corporation, and its MANAGERS and EMPLOYEES assigned to Santa Rita, as jointly and severally liable with the County and Sheriff's Department defendants to the plaintiffs and the pregnant Subclass in particular**, for the injuries and deprivations, caused and being caused, and the ongoing urgent default in, and legal and constitutional inadequacies of, and urgent remedial needs regarding reform of, the care and custody of pregnant women held at Santa Rita, all as complained of herein.

6. Plaintiffs also hereby add Captain T. RUSSELL who is a captain within the command chain of Santa Rita Jail and the Alameda County Sheriff's Office.

**           **           **           **

7. Beyond the urgent issues involving pregnancy, the plaintiffs herein (in their final grouping), on behalf of themselves and all women prisoners at Santa Rita—whose injuries and deprivations at the hands of defendants do not involve pregnancy, but very often do involve nasty and hostile refusals to acknowledge or respond to feminine hygienic needs—now also again complain **as a Class**, as described and asserted within, of extensive, systematic discrimination against the women prisoners at Santa Rita, compared to the men.  Invidious treatment of women occurs in all aspects of life in the jail: jobs, food, access to bathrooms, showers, hygiene, clean clothes, fresh air and out-of-cell time, education classes and activities, counseling, phone calls, family visits, and more.  These women also

Page 3 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

seek injunctive relief, under the First, Fourth, Fifth and Fourteenth Amendments per R.65 F.R.Civ P., and the Bane Act (Cal Civil Code #52.1)—requiring a total cessation of inhumane and sexually and gender-biased unequal treatment and forms of treatment of women prisoners by defendants, and providing effective, outside monitoring—on behalf of themselves and **others similarly situated, namely women prisoners currently held or to be held in the future at the Santa Rita Jail, as a Class,** per Rule 23, F.R.Civ P. Plaintiffs likewise seek full compliance with 15 CCR 3355.2; and implementation of California Penal Code §3409, on the proper care and treatment of women prisoners.

i. \*\* \*\* \*\* \*\*

8. This First Amended Complaint thus adds additional named plaintiffs, listed below; adds medical provider CFMG and its involved personnel as defendants, and re-presents the equitable claims of the pregnant Sub-class, the larger discrimination claims by the broad class, and the individual claims at Law of named plaintiffs and class members—including money damages for the Estates and the mothers of stillborn children, as well as for the sadistic denial of bathroom use, withholding of feminine hygiene materials, and other physical depredations and specific deprivations of right that have been reported—with a framework for adding others who may be encountered as investigation proceeds.

9. As before, plaintiffs have named several high-ranking members of the defendant Sheriff's Department individually, along with a number of John and Jane Does who are guards and other staff members who have been involved in the various tyrannies against women prisoners complained of herein—and whose number will now include various unknown, named CFMG practitioners and other employees assigned to the Santa Rita account—all of whom will or would be subject to the injunctional orders, directions and prohibitions sought herein. These worthies, depending on the Court's outlook, may be more readily dealt with herein as a defendant class.

10. Also named are the Sheriff's Department and the County itself, and now CFMG, inc. also, in *respondeat* with respect to the State Law claims herein; and also for their unconstitutional explicit and de facto polic(ies) of discrimination and systematic maltreatment—particularly of pregnant and menstruating women, within the rule of *Monell v. Dept. of Social Services*, 436 US 568.

## II.  JURISDICTION & VENUE

The Jurisdiction of this honorable Court derives from the provisions of the First, Fourth, Fifth,

Page 4 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

Thirteenth and Fourteenth Amendments to the United State Constitution, by way of the Civil Rights Acts, 42 U.S.C. §§1981 (as to certain plaintiffs), 1983 et seq. and 1988;  28 U.S.C. §1331 (claims arising under the United States Constitution) and §1343 (claims brought to address deprivations, under color of state authority, of rights privileges, and immunities secured by the United  States Constitution), and, by pendent jurisdiction,  Secs. 52.1, and 50, of the California Civil Code.

**Intradistrict Assignment.**  The claims alleged herein arose in the County of Alameda, State of California. Therefore, venue and assignment, under 28 U.S.C. § 1391(b), lies in the United States District Court for the Northern District of California, San Francisco Division or Oakland Division.

## III.  PARTIES

**Plaintiffs**. ERIN ELLIS and DOMINIQUE JACKSON are each pregnant prisoners currently in the custody and control of the Alameda County Sheriff's office. [1]  Each of them wishes to carry her pregnancy to term and have a healthy baby, and each of them wants and demands the necessary nutrition, medical and other support which that minimally requires.  In this First Amended Complaint the following additional present and former Santa Rosa prisoners, pregnant and otherwise, are joining the original plaintiffs, some as members of the pregnant Subclass and all as would-be representatives of the Class as a whole.  JACLYN MOHRBACHER and CHRISTINE ZEPEDA are formerly pregnant prisoners who suffered a miscarriage due to the mistreatment received at the hands of defendants, while under the custody and control of the Alameda County Sheriff's Office.  ALEXIS WAH and KELSEY ERWIN who, during their incarcerations, endured the repeat, rampant, and continual and mistreatment including the unequal (as compared to men) treatment, that women prisoners receive.

**Defendants**

1. Defendant ALAMEDA COUNTY SHERIFF'S OFFICE is a "public entity" within the definition of Cal. Govt. Code § 811.2; Defendant GREGORY J. AHERN is the Sheriff of Alameda County.  As such, he has caused, created, authorized, condoned, ratified, approved or knowingly acquiesced in the illegal, unconstitutional, and inhumane conditions, actions, policies, customs and practices that prevail at Alameda County jails, as described below. He has, therefore, wholly or in

---

[1]  Immediately after this action was filed on 1/4/18, named plaintiff  JACLYN  MOSBACHER was transferred to the federal detention center at Dublin, California, for reasons Counsel at this writing have not yet learned.  She persists in her claims herein.

Page 5 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

part, directly and proximately caused, and will continue in the future to cause, the injuries and violations of rights set forth below. Defendant Ahern is sued in his official capacity only.

2. Defendant BRETT M. KETELES is the Assistant Sheriff for Alameda County in charge of the Detentions and Corrections Unit and defendant TOM MADIGAN is the commander in charge of the Detentions and Corrections Unit which includes the two Alameda County jails, Glen Dyer and Santa Rita, and was so in charge of Santa Rita Jail on December 26, 2016. Defendants BRETT KETELES, TOM MADIGAN, and T. RUSSELL as employees of the Sheriff's Office and as the detention and corrections commander for the Sheriff's Office, held command and policymaking positions.  They, along with Defendant Ahern, participated in the planning, supervision, and the execution of the manner in which plaintiffs and class members are incarcerated in the Alameda county jail facilities and ACSO's conduct complained of herein.   Defendants BRETT KETELES, TOM MADIGAN, and T. RUSSELL caused, created, authorized, condoned, ratified, approved or knowingly acquiesced in the illegal, unconstitutional, and inhumane conditions, actions, policies, customs and practices that prevail at Alameda County jails, particularly as to the treatment of women as described below.

3. Defendant D. SKOLDQVIST was and is the Watch Commander for Santa Rita Jail. Defendants D. SKOLDQVIST, T. RUSSELL, LT. HATTAWAY and  SGT. CALAGARI (sp), were the responsible officers for Santa Rita Jail.   Defendants, D. SKOLDQVIST, T. RUSSELL,  LT. HATTAWAY, SGT. CALAGARI (sp) at all times relevant herein, are and were employees of the Sheriff who held supervisory, command and/or policy-making positions, and who participated in the authorization, planning, supervision, and the execution of the sheriff's conduct complained of herein.

4. At all times relevant herein, the individual Defendants AHERN, KETELES, MADIGAN and RUSSELL were officers and employees acting under the color of law, under color of their official authority and in the scope of their employment as Command and Supervisory Personnel of the Alameda County Sheriff's Office.  Additionally, upon information and belief, one or more of these Defendants failed, with deliberate indifference to Plaintiffs' and class members' rights, to adequately train and supervise ACSO sheriff's deputies and staff who were involved in violating the rights of the Plaintiffs and class members. All of the above individual defendants are sued in their individual and official capacities.

5. At all times relevant herein, all of the above individual Defendants Deputies, DIVINE (sp), DEBRA FARMANIAN, CAINE (sp), DEPUTY TANIA POPE, DEPUTY 'A', and DEPUTY "S" ,

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

were officers and employees were acting under the color of law, under color of authority and in the scope of their employment with the Alameda County Sheriff's Office, and were the guards and deputies on duty at Santa Rita Jail with direct control over plaintiffs and members of the class.

6.      **The newly added defendants**, CFMG and its various employees and sub-contractors, are apparently retained by the County to provide medical services to Santa Rita prisoners on behalf of the defendant Sheriff's Department; and the County defendants apparently believe, and assert, that, in making a contract with CFMG for that purpose, the Department and its defendant minions shed and shifted and absolved themselves of any responsibility or liability for timely and effective delivery of such services to prisoners in their custody. Needless to say, plaintiffs disagree absolutely that the County defendants are to any degree 'off the hook,' or insulated from legal responsibility for provision of proper care to prisoners in their custody by virtue of such a third-party arrangement. Rather, the newly-added medical personnel---unknown individuals named herein as RICK & RUTH ROEs Nos. 1-50---and their employer are jointly and severally liable to plaintiffs and the Subclass, with the County defendants, for the failures and deficiencies in the care and attention provided to pregnant prisoners.

7.      Plaintiff is informed and believe and therefore allege that each of said defendants DOES 1 through 50, are and/or were agents or employees of Defendants COUNTY OF ALAMEDA and ALAMEDA COUNTY SHERIFF'S OFFICE, and acted within the scope of that agency or employment or under color of state law.   The same is true with respect to the relations between defendant CFMG and its practitioners and other employees assigned to the Santa Rita account, ROEs 1-50, and their involvement in the matters at issue herein.  DOEs 1-50 and ROEs 1-50 are defendants who caused, and are responsible for, the below-described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with or aiding and abetting others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiffs' rights to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action. Plaintiffs allege that DOEs 1-50 and ROEs 1-50 proximately caused said incidents, injuries, violation of constitutional and legal rights,  and damages by reason of their negligence, breach of duty, negligent supervision, management or control, or by reason of other

Page 7 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission.

8. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOE 1-50 and ROE 1-50, and therefore sue said defendants by such fictitious names.  Plaintiff will amend this FAC further to supply true names and capacities when the same are ascertained and will seek leave to amend further facts involving them are ascertained.  DOEs 1-50 are sued in their individual and official capacities.

## IV.  EMERGENCY RELIEF

1. As previously recounted, prisoner-plaintiffs ERIN ELLIS and DOMINIQUE JACKSON remain in dire straits in the Santa Rita Jail, continuously, both being more than four months pregnant and in substantial discomfort, with intermittent bleeding, and suffering health complications. Plaintiff ELLIS has previously suffered a mild stroke, and plaintiff JACKSON has had a heart attack, and is pregnant with twins, and the physician who was treating her prior to her incarceration declared that her pregnancy is "high risk."  Both women have been explicitly and pointedly denied and refused assistance or accommodation for their condition by defendants, including but not limited to meaningful attention from a doctor or other qualified practitioner, adequate and sufficient nutrition.  Instead, they are repeatedly advised they should agree to abortion, or defendants disregard these plaintiffs' requests for medical and nutritional assistance.

2. Instead, defendants have repeatedly demanded that plaintiffs agree to have an abortion, accused plaintiffs of being drug addicts, and refused all other recognition and assistance for each plaintiff's delicate condition.  Other pregnant women—including those who miscarried—have similarly been scorned, branded and mistreated in the jail in recent times—under a regime marked by a striking and most distasteful animosity towards women prisoners---and particularly those thought, rightly or wrongly, to have addiction issues, and studied, often openly scornful, indifference to their serious medical and hygienic needs.

3. These women now seek extraordinary relief from this Court on an emergency basis, in circumstances where all the plaintiff-prisoners are acutely aware that three pregnant women have recently miscarried in the jail or just after getting out, after being denied medical assistance; and a third was left in labor, screaming all night, in a solitary confinement cell.  Thus all plaintiffs must legitimately fear that they will be ignored and left to languish without help, even if beginning to miscarry, unless this Court intervenes with Order(s) sufficient to guarantee protection of their health

Page 8 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

and well-being, and that of her unborn child.

4. Plaintiffs therefore seek a comprehensive remedy, by decree involving big oversight, discussed further below, which will ensure that they and all pregnant women prisoners who come into defendants' custody receive all needed accommodation—including decent, nourishing food, warm clothing and blankets, proper rest, fresh air and exercise, etc, as well as timely medical attention and monitoring, doctor and hospital visits, and pre-natal counseling along with, where needed, addiction services—from defendant Sheriff's and CFMG staff members while they are in custody.

## V.  STATEMENT OF FACTS

1. The "mission statement" for the defendant Alameda County Sheriff's Department states that the Department will provide "Humane treatment to those in our custody, while demonstrating: Ability to enforce the law fairly; Commitment to professionalism; Service to the community with integrity and trust;  and, Obligation to duty with honor and pride."  But the facts show that women prisoners are not treated humanely, and the law is not fairly applied.  Women receive unfair and discriminatory treatment on a routine basis, including being short changed on access to education and work, and

2. greater limitations than male prisoners to clean laundry, feminine hygiene products, the ability to converse with others, and even the freedom to choose where to sit during meals.

3. The Santa Rita jail is one of two jails in Alameda County, located in the remote eastern reaches, near Dublin.  The other jail is in downtown Oakland.  Women are held only at Santa Rita.  On information and belief, there are approximately 250 women held there at any given time, of whom, on average, about ten are pregnant.  Most of these women prisoners are pre-trial detainees unable to afford bail, but quite a number are also serving time, mostly for probation violations.  In the course of a year, roughly 150 pregnant women will have been under the custody and control of the Alameda County Sheriff's Office at Santa Rita for some period of time.

4. The Sheriff's Department has a contract with the California Forensic Medical Group, CFMG, to provide necessary medical care and services to prisoners at Santa Rita, under which CFMG apparently assigns various practitioners and other personnel who work at the jail, and others who visit intermittently for various purposes.  CFMG is said to set the procedures and protocols by which prisoners receive (or don't receive) medical attention and care, and the Undersigned have been advised that the Sheriff's Department regards CFMG as wholly and solely responsible for dealing

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

with any and all medical problems that Santa Rita prisoners may have, including pregnancies.

## A.     Maltreatment of Pregnant Women Prisoners

5.    In point of fact, the practice of CFMG practitioners and other personnel in monitoring and attending to the progress of pregnancies amount women at Santa Rita, and the level of concern or engagement in the project of such care, is simply dismal.

6.    Pursuant to 15 CCR §3355.2, the Sheriff is required to have each pregnant inmate examined by an Obstetrical Physician or Obstetrical Nurse Practitioner, and to develop a specific "plan of care."   To plaintiffs' knowledge, no plan of care is or has been since longtime developed for each pregnant prisoner, and the "care" provided ignores altogether the harmful and detrimental consequences to mother and fetus of the unnecessarily and unjustifiably punitive and stress-inducing regimens for women prisoners at Santa Rita.  These include madly frequent, all pervasive strip searches and body cavity searches, a profligate, also unjustified use of solitary confinement, routine and regular disregard of pregnant women prisoners' requests for medical assistance, and the general practice of scorn and harassment of pregnant women prisoners by both CFMG and Sheriff's Department personnel.

7.    None of the plaintiffs or anyone they know of have been given or told of any plan of care; and  none of them have been examined by an Obstetrical Physician or an Obstetrical Nurse.  Women who complain of not feeling well or ask to see a doctor are often harshly accused of using illegal drugs---particularly by defendant DIVINE, a Sheriff's deputy---and often punished in Solitary Confinement, or by baseless, wholly unjustified, unconstitutional strip searches or body cavity searches, or by being put outside in the cold for hours on end without warm clothes or blankets; When plaintiffs request that a urine test be administered to disprove the false accusations levied against them by defendants, defendants refuse, and insist instead on the invasive, humiliating and often injurious strip and body cavity searches.

8.    Further, rather than provide and implement plans of care for plaintiffs as required by Regulation, defendants have instituted a program of constant monitoring of pregnant women's vital signs, consisting of recording blood pressure and pulse at least three times a day.  As part of this "program," plaintiffs are awakened between midnight and 4:00 a.m., every night---notwithstanding pregnant woman's well-known, vital <u>need</u> to get adequate rest---in order for vital signs to be taken and recorded.

9.    Plaintiffs receive an extra ration of 8 ounces of milk, but otherwise get no additional fresh

Page 10 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

fruits, vegetables or other good protein nutrition, and certainly no balanced diet.  Meat products served at the jail are widely regarded, including by plaintiff, as unfit for human consumption.  Pregnant prisoners are fed a peanut butter and jelly sandwich, with perhaps a cookie or an apple, and their extra cup of milk, for lunch and snack.  Dinner is beans, boiled vegetables and pasta, with some bread.  In one striking element of the daily routine, coldly illustrating the essentially anti-human character of the Santa Rita regime, breakfast is served at 3:30 a.m. each day.  Many women and these and other pregnant women in particular don't have the energy to get up and eat at that hour, or are unwilling to trade their rest for the crappy repast they know awaits them.  In short, the diet provided is grossly inadequate for the basic nutritional needs of a pregnant woman and her developing child.

10.  As a result of defendant's apparently programmatic, ingrained habits of maltreatment, and vindictiveness, on the part of individual deputies---especially where women have or have had addiction problems---pregnant women have suffered termination of pregnancy either through miscarriage, or the fetus losing viability. Plaintiff CHRISTINA ZEPEDA, who was in custody from August through November, 2017, and as a result of defendants' described maltreatment, began bleeding so badly she was rushed by ambulance to the hospital, where she had a miscarriage.  And plaintiffs are informed and believe that another woman, Paramdeep Kaur who was pregnant and in custody at Santa Rita this past Fall, also suffered a miscarriage.  And plaintiff JACLYN MOHRBACHER, who at the initiation of this action was pregnant, but due to the brutal treatment of defendants, including denial of medical care, repeated abusive confinement in solitary, with repeated strip and body cavity searches, suffered a miscarriage in the interim.  The Defendant Deputies instead of calling for medical assistance, allowed plaintiff MOHRBACHER to continue bleeding; treating her in such a heartless manner as demonstrated by their refusal to provide her with menstrual pads but forced her for many hours to bleed all over her clothing, while continually falsely accusing her of misusing drugs.

11.  Also this past Fall, in keeping with Santa Rita's routine of punishment and abuse for pregnant prisoners as already recounted, a woman was placed into solitary confinement after she complained of cramps and pain, Then, despite the mandate for half-hour checks on her condition, all the deputies and medical personnel ignored her, throughout the night.  The woman was experiencing labor pains, and she began screaming; her screams went on for hours, and of course were agony for the other women prisoners to hear echoing throughout the night; and no deputy, or CFMG person, checked on her welfare before morning; by when this woman, known only as 'Candace' had

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

delivered her baby, alone. She reported that the umbilical cord was wound around the baby' neck when it emerged, and that she had to poke her finger down its throat---acting on instinct---to get it started breathing. Defendants have asserted that---where such a person, and, implicitly, such an event apparently occurred---it was because Candace was medically examined and said to be experiencing false labor---the Braxton-Hicks syndrome---but have failed to justify their wrongful seclusion of Candace in solitary confinement, the failure to make regular checks on her welfare, actions to muffle her screaming and patent refusal to summon medical aid.

12. In sum, from the accounts of these women, and more who continue to connect and add their voices---and notwithstanding disclaimers by the County defendants, or CFMG defendants hiding behind obscure provisions of a contract---it is clear there are gross deficiencies in the accommodation of pregnant women prisoners at Santa Rita, which have caused and continue to cause great injury to numerous women (e.g, the wrongful death of stillborn children), and deprivation of fundamental rights in the form of widespread, indeed systemic Deliberate Indifference to Serious Medical Needs these women obviously have, and gross denial of Due Process, especially for the unborn, and will go on causing and risking such injuries, losses and deprivations if nothing is done.

**B.     Discrimination Against Women in General.**

13. Furthermore, Defendants' abuse and mistreatment of women prisoners is part and parcel of the discrimination and unequal treatment meted out to women prisoners as compared to male prisoners. Women prisoners are denied the educational classes and opportunities available to male prisoners; denied the access to outdoor (fresh air) or yard time and yard space available to male prisoners. Defendants impose greater repression and restrictions, including being prohibited from talking during meals, so that one prisoner cannot offer extra unwanted food to another, or one cannot ask for another's unwanted food. Women prisoners cannot exchange information nor share support regarding defendants' programmatic abuse during the one period of time they are together. Women prisoners have greater restrictions than male prisoners, including being told where to sit during meals. Women prisoners are strip searched and subjected to body cavity searches for little or no good reason---except to maintain domination---with greater frequency and regularity than male prisoners.

14. This abuse and mistreatment also directly involves violations of existing jail policies and procedures, California statutes and California regulations. Despite repeated complaints and even prior lawsuits, defendants and each of them failure and refusal to comply with policies and procedures, California statutes and California regulations, even after notification of resulting injuries

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

and harms, indicates callous and wanton and deliberate disregard for the safety, health and well being of the women prisoners under their control, and clearly shows programmatic mistreatment and abuse of women prisoners compared to men.

## VI.  CLASS CLAIM

1.      Within the meaning of Rule 23, F.R.Civ. P., the Class of women prisoners, and particularly the Subclass of pregnant prisoners, are both numerous and indeterminate, as women come into and leave the Jail, so that joinder of all the claims already in view is clearly impracticable. (R. 23(a)(1).  In any given year, there are as many as 150 pregnant women in defendants' custody for some period of time. Joinder is inherently impractical because the number of unnamed, future class members who will be pregnant while in defendants' custody is unknown and unknowable, and, given the transient nature of the plaintiff population and the temporal limitations of pregnancy, their identities will vary. Proposed class members are highly unlikely to file individual suits on their own behalf given the practical, legal, monetary, and fear-based barriers that impede their access to counsel to challenge defendants' abusive, coercive and punitive regime---not to mention defendants' active measures preventing proposed class members from communicating amongst themselves and with legal counsel.

2.      There are numerous common issues of both law and fact (R. 23(a)(2)), including but not limited to the factual occurrence, *vel non*, of:  i) defendants' programmatic coercion for abortions, ii) abuse and mistreatment of pregnant prisoners which threaten the viability of fetuses and often terminate pregnancies, iii) prohibiting class members from communicating amongst themselves and with legal counsel, iv) failure to develop statutorily required care plans, v) discrimination against women in access to services, classes, ability to work, rights and privileges, and, vi) failure to comply with state laws and regulations on meeting the needs of women's reproductive and menstrual needs. Legal questions, regarding, e.g, the applicability of the various state statutes mentioned above, the Constitutional standards to be applied in assessing the plaintiffs' claims, and the like, will plainly be the same with respect to all individual class members.

3.      The claims of the named plaintiffs are typical of the claims of members of the Plaintiff Class, (R.23(a)(3)), and of members of the Subclass in particular, where all the pregnant women prisoners, past, present and to come, complain in the same terms of the ill effects of defendants' nonfeasance and maltreatment, and failure to follow the law.  The fact that different individuals suffered or may suffer different degrees of injury---obviously only certain ones suffered miscarriage,

Page 13 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

for example---is not a bar to certification, particularly where, as here, the defendants have "acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief;" per Section (b)(2) of the Rule.  The underlying injuries flowing from practice and policy are common to all pregnant women at Santa Rita to some serious, health-threatening degree, as we have shown and will show.

4. The named Plaintiffs will---and are able to---fairly and adequately protect the interests of the Plaintiff Subclass, per Sub.(a)(4) of the Rule. The named Plaintiffs have no interest at odds in any way with those of the Subclass, and each has affirmed to counsel her desire and willingness to pursue the matter on behalf of the other women who will come into Santa Rita with child. The attorneys representing the named plaintiffs are experienced civil rights practitioners, well able to prosecute and carry on substantial federal constitutional litigation such as this, and with access to additional help which is even now being assembled for the larger work.  The Undersigned represent to the Court their determination to see this matter through---both as to the urgent immediate pregnancy issues and the County defendants' broader gender/sex discrimination practices against women---and, btw, we hereby respectfully request that we be designated by the Court as counsel for the Class of present and future women prisoners at Santa Rita, and the Subclass of those among them who are pregnant.

5. From the pleadings, and particularly the many sworn affidavits submitted with plaintiffs' pending renewed injunction motion, it is clear the defendants acted and now act and will act "on grounds generally applicable to" the Subclass, in any case, thereby "making final injunctive relief appropriate" to the class as a whole. The Plaintiff Class may therefore be properly certified under R.23(b)(2),   Certainly also it is patent that both factual and legal questions common to the Subclass predominate here over individual concerns, so certification is also proper under Section (b)(3).

6. In sum, plaintiffs are entitled to have the Subclass of pregnant prisoners certified *pro tanto* at the very least, or otherwise separately from the main class alleged herein, so that the proceedings regarding emergency relief for all pregnant women who are in or may come into Santa Rita can go forward without hindrance; and work on the claims of the Class as a Whole can abide further attention from the parties and the Court in the near future.

## VII.  PLAINTIFFS' CLAIMS

**ONE.**  The pattern and practice of nonfeasance and maltreatment of pregnant women prisoners by Both Groups of defendants, as shown and to be shown herein reflects and includes violation of those women plaintiffs' <u>Fourteenth Amendment rights to Due Process of Law</u>---in the form of decent

Page 14 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

and humane treatment all prisoners are entitled to---to a degree here which forcibly shocks the conscience, well within the meaning of *Sacramento v. Lewis*[2] and requires strong intervention by the Court to end abuses and set things right for pregnant women sent to Jail in Alameda County. This will require a preliminary and permanent Injunction under the Civil Rights Acts, 42 U.S. Code §1983 *et seq*. An as yet undetermined number of Subclass plaintiffs---such as those who suffered miscarriage or stillbirth---also are clearly entitled to Judgment at Law for compensatory damages for those losses.

In addition, plaintiffs assert *pro tanto,* and particularly as it affects prisoner-plaintiffs who are serving time in Santa Rita, convicted, as opposed to awaiting trial, that the described nonfeasance and maltreatment violate the Eighth Amendment also; and, conversely,

The Subclass women who are pre-trial detainees also complain that the Seizure they are under, in the circumstances shown---and certainly that of their unborn children---is unreasonable in violation of the Fourth Amendment; and,

All plaintiffs complain their First Amendment rights were violated by the silence rule at meals, for sure, and more specifically to the Subclass plaintiffs, by retaliation and punishment of them in response to requests and entreaties for medical and other assistance.

**TWO.** The same pattern and practice, and the events and injuries and deprivations which have arisen therefrom as described and to be shown, also violate Sections One, Seven, Thirteen and Seventeen of the Constitution of the State of California, together with the state laws that have been invoked hereinbefore---and particularly Penal Code §§3409, 3410-3426, 6030; 15 C.C.R. §3355.2--- and tortious and wrongful actions including that for the wrongful deaths of the stillborn or miscarried, injuries engendered by the miscarriage to plaintiffs' own person, constitutionally-protected right of familial association, companionship, and society by plaintiffs with their respective child; these transgressions obviously involve coercion, as such, since they occur in jail, at the hands of armed guards, and they are thus actionable under the Bane Act, which provides for injunction and damages, penalties, fees, etc, for violation of constitutional or statutory rights "by threat, intimidation or coercion." Cal Civil Code §52.1 *et seq*.

While the lawful authority for an injunction may be duplicative, or overlapping, as between Civil Code §52.1 and U.S. Code §1983, there may well be actions at law that are separate, and the

---

[2] 523 U.S. 833 (1998)

Page 15 of 18

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

County of Alameda will be liable in *respondeat* for state law judgment(s).  Both statutes provide clear authority for comprehensive relief in this case, and surely, they can be jointly relied on and invoked by this Court.

**NB:**  As of this writing (and filing), because of the haste in which this matter was initiated, plaintiffs are only just now submitting their Notices of Claim, under Sec. 910 of the Government Code, to the Sheriff's Department, and we recognize that the inevitable denial of these claims by defendants may take up to 45 days under the Code.  Therefore we agree this Count Two is submitted in advance, as it were---and in anticipation of denial of the claims---and can be in abeyance until the inevitable happens or the time runs.

**THREE.**   In terms of medical care of the Subclass plaintiffs in particular, as noted, plaintiffs accuse the defendants from CFMG, and CFMG as their employer and director, and the County defendants from deputies on duty in the housing units on up the chain to an undetermined level of supervision and command in the Department, all acting much in concert with defendant CFMG folk (and they with them…), of 'deliberate indifference to serious medical needs' under the rule of *Estelle v. Gamble* [3] as applied to this mixed group in this jail setting, again by way of Sec. 1983.  They clearly, clearly know and are held to know that the law, the official regulations, *and their own written policies arising from the agreement they made in this Court three decades ago*, require them to make an initial examination of all pregnant prisoners, and formulate a treatment plan for each, and to seek outside placements for them.  They don't bother with any of it.  This flouts the statutes and the Constitution, and does amount *inter alia* to completely illicit punishment under the Fourteenth and we say also the Eighth Amendment

In addition there are claim under state law for tortious and wrongful actions including for the wrongful deaths of the stillborn or miscarried children, injuries engendered by the miscarriages to plaintiffs' own person, constitutionally-protected right of familial association, companionship, and society by plaintiffs with their respective child.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to:

---

[3]   429 U.S. 97 (1976)

Mohrbacher v. Alameda County Sheriff's Office. First Amended Complaint

1. Certify the Class of women prisoners at Santa Rita under Rule 23, F.R. Civ P., and also the Subclass of women prisoners who are pregnant, and permit the named plaintiffs and their counsel to represent the Class and Subclass and to proceed accordingly. <u>In the alternative</u>, hold certification of the broad class in abeyance pending further development of the grounds for it, but recognize the Subclass for all purposes connected with its plea(s) for equitable relief herein.

2. Make findings of fact reflecting the general and specific failings and inadequacies of both groups of defendants' approaches to and practice in the care of pregnant prisoners, the pattern and practice of defendants' non-feasance and maltreatment of pregnant prisoners, and defendants' violations of statutory, regulatory and constitutional requirements in dealing with pregnant prisoners.

3. Initiate a serious effort, perhaps with a Rule to Show Cause, to bring about defendants' early compliance with the community treatment program law, and/or any other feasible and available means and steps to get and keep pregnant women out of the Santa Rita jail.

4. In the event a ready process for getting and keeping plaintiffs out of the jail is not readily found, and to the extent and for the time any pregnant women are ordered held in the Sheriff's custody, enter a preliminary and permanent Injunction which will,

5. **A. <u>Prohibit</u>** defendants from:
   a. coercion or pressure on pregnant prisoners to consent to a preterm termination of their pregnancy;
   b. placing pregnant prisoners in solitary confinement, and/or ordering them to submit to multiple strip searches and body cavity searches without first utilizing less punitive and intrusive means including urine tests and having objectively reasonable grounds to suspect them of hiding contraband;
   c. placing pregnant prisoners outdoors without adequate outerwear, and clothing;
   d. holding pregnant prisoners outdoors against their will for any length of time, or keeping the heat down in residential units, and the bright lights on all night;
   e. punishing or threatening to punish women prisoners for exercising their right to free speech during meals or during 'pod time';
   f. touching or searching plaintiff's food unless defendants' hands are covered in clean, and new sanitary gloves;

      g.    coerce or pressure or attempt to persuade pregnant prisoners to agree to abortions;

      **And,**

6.   **B.** Affirmatively **Order and direct** defendants to:

    a.    Fully comply with all applicable state statutes and regulations, and develop a legitimate individual care plan for each pregnant prisoner, *and carry it out completely*!

    b.    Fully comply with all applicable state statutes and regulations for a sufficient, balanced, nutritious diet approved by a doctor;

    c.    Fully comply with state law on provision of appropriate and sufficient materials for each woman prisoner "necessary for (1) personal hygiene with regard to her menstrual cycle and reproductive system" (Penal Code §3409) during the entire duration of her incarceration under the custody of defendants;

    d.    No less than the minimum outdoor exercise prescribed by state regulations;

    e.    Permit confidential legal contact visits between plaintiffs, class members and their attorneys;

7.   Enter a preliminary and permanent injunction on behalf of the broad Class of women prisoners which will counter and remedy the County defendants' broader unconstitutional practice(s) of discrimination against women in general, compared to men, as complained of and to be shown further;

8.   Award compensatory and punitive damages to individual plaintiffs against defendants in amounts to be determined at trial;

9.   10. Award costs and fees for this action, including attorneys' fees;

10.   11. Grant such other and further relief as this Court deems appropriate.

                                                            LAW OFFICE OF YOLANDA HUANG

                                                            */s/ Yolanda Huang*
                                                             YOLANDA HUANG

                                                           DENNIS CUNNINGHAM

                                                         */s/ Dennis Cunningham*
                                                           DENNIS CUNNINGHAM