

555 12th Street, Suite 1800
Oakland, CA 94607
Telephone: 510.834.4350
Facsimile: 510.839.1897
Website: www.bjg.com

**Gregory B. Thomas**
gthomas@bjg.com

Mailing Address
P.O. Box 12925
Oakland, CA 94604-2925

February 13, 2018

<u>VIA CM/ECF</u>
The Honorable James Donato
U.S. District Court, Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

RE:   ***Jaclyn Mohrbacher, et al. vs. Alameda County, et al.***
       Case No.:          3:18-cv-00050-JD
       Our File No.:     ACCLAM 28116

Dear Judge Donato:

I represent the County of Alameda defendants in the above-referenced lawsuit. Discovery disputes have arisen. The parties have met and conferred pursuant to your Standing Order and the Civil Local Rules, and now seek the assistance of the Court to resolve the following disputes: (1) whether the County of Alameda defendants must continue to arrange contact visits for Plaintiffs' counsel; (2) whether the County of Alameda defendants must facilitate a visit for Plaintiffs' counsel to interview a current inmate, Ms. Alice Fausto, who has informed jail deputies that she does not want to see Plaintiffs' counsel; (3) identification of Plaintiffs' counsel's clients in this case; and (4) obtaining Plaintiffs' relevant medical records and related scheduling issues for opposing Plaintiffs' preliminary injunction motion.

1.   **<u>Whether the County of Alameda defendants must continue to arrange contact visits for Plaintiffs' counsel</u>**

During the January 8, 2018 initial hearing in this matter, the issue of contact visits was raised, and the Court instructed that the Alameda County defendants should facilitate 8-12 contact visits for Plaintiffs' counsel. Following the hearing, the Court entered a minute order stating, "The parties should confer on a policy that will give the plaintiffs' attorneys reasonable access to similarly situated prisoners at the Santa Rita Jail."

Since January 8, 2018, Defendants have facilitated approximately 21 contact visits with 13 different inmates for Plaintiffs' counsel. From Santa Rita Jail's perspective, however, contact visits are disruptive to the operations of the jail. Indeed, one of the claims asserted by Plaintiffs is that the jail conducts "frequent, pervasive strip searches." (Dkt 19, ¶ 6.) Following each contact visit, an inmate is required to be strip searched per jail policy. In contrast, non-contact visits do not require that inmates be strip searched after the conclusion of the visit.

The Hon. James Donato
February 13, 2018
Page 2

Next, for each contact visits, deputies must personally escort the inmate to the interview, secure the inmate, and then permit the visitor to cross over into a secure section of the jail.  In contrast, for non-contact visits, a technician can open an access door to permit an inmate to walk up to the visiting area, and the visitor need not cross over to a secure portion of the jail.

It is Defendants' position that Plaintiffs' counsel should conduct non-contact visits with inmates during normal visiting hours, and request those through normal visit request channels.  While Defendants understand that on occasion Plaintiffs' counsel will require contact visits with her clients, for routine visits or to interview those inmates with whom Plaintiffs' counsel does not have an attorney-client relationship, non-contact visits are much less burdensome.

During the meet and confer process, Plaintiffs' counsel indicated that inmates seen during non-contact visits are concerned about privacy.  To alleviate these concerns, Santa Rita Jail offers the following solution:  while conversations can be monitored during non-contact visits and all conversations are recorded, for attorney-client non-contact visits, such interviews are not monitored and the recordings of such conversation are not saved.  The Alameda County defendants would be willing to extend these same courtesies to Plaintiffs' counsel during non-contact visits, even with prospective clients.  These are the same courtesies extended to defense counsel in criminal cases who conduct non-contact visits with their clients.  Furthermore, Alameda County would remain willing to arrange contact visits for Plaintiffs' counsel to visit clients under circumstances when a non-contact visits would not suffice (for example, reviewing and signing a declaration or a medical release).

2. **Whether the County of Alameda defendants must facilitate a visit for Plaintiffs' counsel to interview a current inmate, Ms. Alice Fausto, who has informed jail deputies that she does not want to see Plaintiffs' counsel**

Defense counsel interviewed a current inmate, Ms. Alice Fausto, on January 23, 2018. Ms. Fausto had very favorable things to say about her treatment as a pregnant inmate while incarcerated.  On January 26, 2018, Plaintiffs' counsel's paralegal visited Ms. Fausto in a requested contact visit.  Following that visit, Ms. Fausto informed Santa Rita Jail staff (recorded on a body-worn camera) that she does not want to see Plaintiffs' counsel or anyone affiliated with her office again.  In connection with another contact visit request with Ms. Fausto, I raised this issue with Plaintiffs' counsel, who informed me that she has a signed retainer agreement with Ms. Fausto. The Alameda County defendants therefore respectfully request the Court's guidance as to how to proceed with Plaintiffs' counsel's request to see Ms. Fausto.  Plaintiffs' counsel indicated that she would be willing to show the Court a copy of the retainer agreement *in camera.*  This might assist the parties in determining whether the retainer agreement post-dates Ms. Fausto's refusal on January 26, 2018, and whether a visit with Ms. Fausto should be facilitated for Plaintiffs' counsel.

The Hon. James Donato
February 13, 2018
Page 3

### 3. Identification of Plaintiffs' Counsel's Clients

Counsel for the Alameda County defendants is mindful of their ethical obligation to refrain from communicating with any party represented by counsel. Cal. Rules of Professional Conduct, rule 2-100. As such, the Alameda County defendants respectfully request that the Court enter an order requiring Plaintiffs' counsel to advise defense counsel as soon as practicable after a current or former inmate has retained Plaintiffs' counsel as her counsel of record in this matter so that defense counsel does not violate any ethical obligations in connection with interviewing witnesses.

### 4. Obtaining Plaintiffs' relevant medical records; briefing schedule in connection with preliminary injunction motion

By filing this lawsuit, all Plaintiffs waived their privacy rights to any medical records related to medical conditions at issue. *Britt v. Superior Court*, 20 Cal. 3d 844, 849 (1978); *Desrosiers v. Hartford*, 2012 U.S. Dist. LEXIS 64554, at *4 (N.D. Cal. 2012). However, all medical records covering the Plaintiffs' various periods of incarceration are currently in the custody of Defendant California Forensic Medical Group ("CFMG"). The parties are working to try to obtain and produce these records in a manner to ensure that there is no violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.).

Plaintiffs' counsel has been cooperating in having clients sign HIPAA-compliant releases, and to date has produced two releases. These issues have also been raised and discussed with counsel for CFMG, and the parties have been trying to enter into a stipulated protective order to address these issues. However, to date the parties have not reached an agreement as to how best produce these key medical records, which are critical to the defense of this lawsuit. Furthermore, the Alameda County defendants fear that lack of access to critical medical records will affect their ability to meet the briefing deadlines in connection with Plaintiffs' preliminary injunction motion. The Alameda County defendants' opposition is due to be filed on February 21, 2018. As such, the parties respectfully request that the Court provide assistance with regard to medical records and the related briefing timeline issues.

    Very truly yours,

    BOORNAZIAN, JENSEN & GARTHE

    *Gregory B. Thomas*

    Gregory B. Thomas
    Attorney for the Alameda County Defendants

GBT:lh
cc via e-mail:  Dennis Cunningham, Esq.
               Peter Bertling, Esq.
28116\774208