GREGORY B. THOMAS, ESQ. (SBN 239870)
TEMITAYO O. PETERS, ESQ. (SBN 309913)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
Oakland, CA 94607
Telephone: (510) 834-4350
Facsimile: (510) 839-1897
gthomas@bjg.com
opeters@bjg.com

Attorneys for Defendants COUNTY OF ALAMEDA
GREGORY J. AHERN, BRETT M. KETELES, TOM MADIGAN,
D. SKOLDQVIST, LT. HATTAWAY, SGT. CALEGARI,
DEPUTY DIVINE (512), DEPUTY DEBRA FARMANIAN,
DEPUTY WEATHERBEE (238), DEPUTY TANIA POPE,
DEPUTY WINSTEAD, and DEPUTY CAINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN MOHRBACHER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 3:18-cv-00050-JD<br><br>**DECLARATION OF ERICA WEATHERSBEE IN SUPPORT OF ALAMEDA COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**DATE:**<br>**TIME:**<br>**JUDGE:** Hon. James Donato<br>**COURTROOM:** 11, 9th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Complaint filed January 4, 2018 |

I, Erica Weathersbee, declare:

1. I am currently a deputy sheriff employed by the Alameda County Sheriff's Office. Unless specifically stated to be made upon information and belief, I possess personal knowledge of the matters set forth herein, and if called upon as a witness in this matter, I could and would competently testify thereto.

2. I have been working for the Alameda County Sheriff's Office for approximately four years. I worked at Santa Rita Jail for three years in various positions, including as a deputy

1  sheriff assigned to Housing Unit 24 and the OB/GYN clinic in Santa Rita Jail located adjacent to
2  Housing Unit 24, before joining the court services unit at the Wiley W. Manuel Courthouse
3  located in Oakland, California in February 2017.  During my time at Santa Rita Jail, I worked
4  both the night shift, from 500 to 1700 hours, and the day shift, from 700 to 1900 hours.

5        3.     When I was assigned to work in Housing Unit 24, I always immediately notified
6  medical staff whenever a female inmate approached me with a medical concern by calling the pill
7  room and/or the medical services unit.  This was particularly true whenever a pregnant inmate
8  expressed a medical concern.  If the medical staff did not respond fast enough, I would always
9  follow up for an update.  In addition, I always made sure that I documented the time the inmate
10 complained, what the complaint was about, and which nurse responded to address the complaint.

11       4.     At no point during my time working within Housing Unit 24, did I ever ignore a
12 female inmate's medical concern, make fun of a female inmate for expressing a medical concern,
13 deny a female inmate an opportunity to receive medical treatment when asked, or try to persuade
14 or pressure a pregnant inmate into making any personal choice in connection with her pregnancy.
15 I also never saw one of my fellow deputy sheriffs or any medical staff engage in such behavior.

16       5.     I never refused a female inmate's request for sanitary napkins, nor heard one of my
17 fellow deputy sheriffs issue such a denial.  In fact, I would always try to give the requesting inmate
18 multiple sanitary napkins whenever possible.

19       6.     Furthermore, I never refused to give a female inmate a grievance form or retaliated
20 against an inmate for requesting one while I was assigned to Housing Unit 24.  If an inmate
21 requested a grievance and there were none available, I would always immediately inform the
22 inmate and retrieve additional forms when it was reasonably practicable, but always by the end of
23 the day.

24       7.     I also did everything that I could to ensure that Housing Unit 24's female inmates
25 received adequate outdoor recreational yard time.  To accomplish this, I would utilize both the
26 large yard outside of the housing unit and the quasi yard attached to the housing unit.  I also went
27 out of my way to provide pregnancy walks to the pregnant and postpartum inmates being housed
28 in the unit whenever possible.

8. During mealtimes, I never refused to give food to a pregnant or postpartum inmate, or any other female inmate, or unreasonably limited the amount of time that the inmate's had to eat their meals.  Whenever the inmates asked me for extra food, which they did frequently, I would always have them line up so that I could distribute any excess food equally.  I typically did not permit inmates to talk during mealtimes as their talking tended to interfere with my efforts to distribute the daily mail.

9. While I was assigned to Housing Unit 24, I was responsible for facilitating a weekly laundry exchange.  In between laundry exchanges, I would accommodate reasonable requests for clothing replacements whenever possible.  I also ensured that pregnant and postpartum inmates received the extra clothing they were entitled to receive in light of their condition, which included an extra uniform, a pregnancy jacket, a pair of tennis shoes, two bras, an extra blanket, an extra pillow, and an extra mattress, as quickly as possible upon their initial arrival to the housing unit.

10. At no point during my time working in Housing Unit 24, did I ever conduct a body cavity search of any female inmate.  The only searches I ever conducted, or saw any other deputy sheriffs conduct, were visual searches.  I never conducted any search of any female inmate for a retaliatory or unjustified reason or for any reason that was not in compliance with the applicable Alameda County Sheriff's Office policy provisions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 3 -

DECL. OF ERICA WEATHERSBEE IN SUPPORT OF ALAMEDA COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR   PRELIMINARY INJUNCTION - Case No. 3:18-cv-00050-JD

11. At no point did I ever handcuff a pregnant or postpartum inmate in the back. I only ever cuffed pregnant or postpartum inmates in the front and never saw any of my fellow deputy sheriffs cuff them in any other way.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at _0900 HOURS_, California on February 20, 2018.

By: _____
Erica Weathersbee

28116\773292

- 4 -

DECL. OF ERICA WEATHERSBEE IN SUPPORT OF ALAMEDA COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION - Case No. 3:18-cv-00050-JD