1  GREGORY B. THOMAS, ESQ. (SBN 239870)
   TEMITAYO O. PETERS, ESQ. (SBN 309913)
2  BOORNAZIAN, JENSEN & GARTHE
   A Professional Corporation
3  555 12th Street, Suite 1800
   Oakland, CA 94607
4  Telephone: (510) 834-4350
   Facsimile: (510) 839-1897
5  gthomas@bjg.com
   opeters@bjg.com
6
   Attorneys for Defendants COUNTY OF ALAMEDA
7  GREGORY J. AHERN, BRETT M. KETELES, TOM MADIGAN,
   D. SKOLDQVIST, LT. HATTAWAY, SGT. CALEGARI,
8  DEPUTY DIVINE (512), DEPUTY DEBRA FARMANIAN,
   DEPUTY WEATHERBEE (238), DEPUTY TANIA POPE,
9  DEPUTY WINSTEAD, and DEPUTY CAINE

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13 JACLYN MOHRBACHER, et al.,          )  Case No. 3:18-cv-00050-JD
                                       )
14            Plaintiffs,              )  **ALAMEDA COUNTY DEFENDANTS'**
                                       )  **NOTICE OF MOTION AND 12(b)(1) AND**
15 v.                                  )  **(6) MOTION TO DISMISS AND 12(f)**
                                       )  **MOTION TO STRIKE PLAINTIFFS'**
16 ALAMEDA COUNTY SHERIFF'S OFFICE,    )  **SECOND AMENDED COMPLAINT;**
   et al.,                             )  **MEMORANDUM OF POINTS AND**
17                                     )  **AUTHORITIES IN SUPPORT OF SAME**
              Defendants.              )
18                                     )  **DATE:**
                                       )  **TIME:**
19                                     )  **COURTROOM:**
                                       )
20                                     )  Trial Date: June 25, 2018
   _____)  Complaint Filed: January 4, 2018
21

22 **TO ALL PARTIES AND THEIR ATTORNEYS:**

23        **PLEASE TAKE NOTICE** that pursuant to Court's Standing Order as soon as the matter

24 may be heard before Judge James Donato, Courtroom 11, 19th Floor, 450 Golden Gate Avenue,

25 San Francisco, CA 94102, the Alameda County Defendants will move to dismiss Plaintiffs'

26 Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure ("FRCP")

27 12(b)(1) and (6) and move to strike Plaintiffs' SAC pursuant to FRCP 12(f) on the following

28 grounds:

1.     Plaintiffs' SAC fails to meet federal pleadings standards and 42 U.S.C. section 1983 does not offer redress for state law violations;

2.     Plaintiffs lack standing;

3.     Plaintiffs fail to plead compliance with California Government Code section 945.4;

4.     Plaintiffs' Fifth Amendment claims fail as a matter of law;

5.     Plaintiffs' denial of medical care and cruel and unusual punishment claims are improperly alleged and do not to allege the requisite intent for deliberate indifference;

6.     Plaintiffs' equal protection claims fail to allege intentional discrimination;

7.     Plaintiffs' freedom of speech claims do not allege any punitive action;

8.     The individually named Alameda County Defendants are entitled to Qualified Immunity and are immune from state law claims.

9.     Plaintiffs fail to state a claim of a deficient custom, policy or practice pursuant *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978).

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings on file in this action, and on such further argument that may be heard by this Court.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings on file in this action, and on such further argument that may be heard by this Court.

DATED:  April 20, 2018                         BOORNAZIAN, JENSEN & GARTHE
                                                             A Professional Corporation


                                                             By: /s/ GREGORY B. THOMAS, ESQ.
                                                                  TEMITAYO O. PETERS, ESQ.
                                                             Attorneys for Defendants COUNTY OF
                                                             ALAMEDA, GREGORY J. AHERN, BRETT M.
                                                             KETELES, TOM MADIGAN, D. SKOLDQVIST,
                                                             LT. HATTAWAY, SGT. CALEGARI,
                                                             DEPUTY DIVINE (512), DEPUTY DEBRA
                                                             FARMANIAN, DEPUTY WEATHERBEE (238),
                                                             DEPUTY TANIA POPE, DEPUTY WINSTEAD,
                                                             and DEPUTY CAINE

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ......................................................................   1

II.    PLAINTIFFS' CLAIMS FOR RELIEF ...........................................   1

III.   LEGAL STANDARD ...............................................................   1

IV.    ARGUMENT ........................................................................   2

    A.   Plaintiffs Fail to Tether their Claims to Binding Legal Authority ...   3

       1.   Section 1983 Does Not Offer Redress for State Law Violations .................................................................   3

       2.   None of the State Statutes or Regulations Cited by Plaintiffs Provides a Private Right of Action ...............................   3

    B.   Plaintiffs' SAC Must be Dismissed for Lack of Subject Matter Jurisdiction ......................................................................   4

       1.   Plaintiffs Lack Article III Standing to Seek Relief Individually and on Behalf of the Putative Class ...............   4

       2.   Plaintiffs Lack Standing to Assert Claims that Arose Prior to January 4, 2016 .....................................................   5

       3.   The Released Plaintiffs Lack Standing to Seek Injunctive Relief .................................................................   5

    C.   Plaintiffs' SAC Must be Dismissed for Failure to State a Claim for Relief .........................................................................   6

       1.   Plaintiffs Fail to Allege Any Cognizable State Law Claims ...   6

          a.   Even if Plaintiffs had Properly Pled Compliance, Their Bane Act Claims Fail as a Matter of Law because Plaintiffs Do Not Specifically Allege that They Were Subjected to Violence or Threat of Violence ..........................................................   6

          b.   Plaintiffs' Negligence Claims Also Fail as a Matter of Law because Plaintiffs Do Not Specifically Allege that Any Named Defendant Personally Engaged in Conduct that Caused Their Alleged Injuries ...........   7

       2.   Plaintiffs Fail to Allege Any Cognizable Federal Law Claims   8

          a.   Plaintiffs' Fifth Amendment Claims Fail as a Matter of Law because Plaintiffs Do Not Allege Any Federal Action ............................................................   8

|  |  |  |  | **b.** | **Plaintiffs' Fourth Amendment and Substantive Due Process Claims Fail as a Matter of Law because They are Improperly Alleged** …………………………… | 8 |

|  |  |  |  | **c.** | **Plaintiffs' Conditions of Confinement Claims Fail as a Matter of Law Because Plaintiffs Fail to Allege the Requisite Intent to Satisfy the Deliberate Indifference Standard** ………………………………… | 9 |

|  |  |  |  | **d.** | **Plaintiffs' Equal Protection Claims Fail as a Matter of Law Because Plaintiffs Do Not to Allege Intentional Discrimination** ………………………… | 10 |

|  |  |  |  | **e.** | **Plaintiffs' Free Speech Claims Fail as a Matter of Law Because They do Not Allege any Punitive Action** | 11 |

**D.** The Alameda County Defendants are Immune from Suit ………….. 12

  **1.** The Individually-Named Alameda County Defendants are Entitled to Qualified Immunity from Plaintiffs' Federal Claims; Alameda County Defendants are Immune from Plaintiffs' State Law Claims ………………………………..... 12

  **2.** Plaintiffs Fail to State a *Monell* Claim ……………………… 13

**E.** Ultimately, SRJ's Administrators' Decisions are Entitled to Significant Deference ……………………………………………..... 13

**F.** The Alameda County Defendants Join in Co-Defendants' Motions to Dismiss ………………………………………………………..... 14

**IV.   CONCLUSION** …………………………………………………… 14

# TABLE OF AUTHORITIES

Page

**Cases**

*Allen v. Wright*, 468 U.S. 737 (1984) ………………………………………….. 11
*Anderson v. Creighton*, 483 U.S. 635 (1987) …………………………………… 12
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) …………………………………………... 2, 14
*Bell v. Wolfish*, 441 U.S. 520 (1979) …………………………………………….. 10
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ………………………… 2, 6, 14
*Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007) ………………………... 12
*Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S.397 (1997) ………………………… 13
*Brittain v. Hansen*, 451 F.3d 982 (2006) ……………………………………….. 8
*Casey v. Lewis*, 4 F.3d 1516 (9th Cir. 1993) …………………………………… 13
*Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016) ……………………………… 10
*Chappell v. Newbarth*, 2009 U.S. Dist. LEXIS 41499, *6 (E.D. Cal. 2009) …………. 3
*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) ………………………………… 7
*Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010) ……………….. 10
*Cort v. Ash*, 422 U. S. 66 (1975) ………………………………………………….. 3
*Crawford-El v. Britton*, 523 U.S. 574 (1998) ……………………………………….. 12
*Dilley v. Gunn*, 64 F.3d 1365 (9th Cir. 1995) ……………………………………… 5-6
*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) …………….. 2
*Farmer v. Brennan*, 511 U.S. 825 (1994) …………………………………………... 10-11
*Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003) …………………………………… 14
*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992 ……………………………….. 13
*Graham v. Conner*, 490 U.S. 386 (1989) …………………………………………... 9
*Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114 (9th Cir. 2013) ………….. 4
*Hayes v. County of San Diego*, 57 Cal.4th 622 (2013) …………………………….. 7
*Hudson v. Palmer*, 468 U.S. 517 (1984) ………………………………......….. 9, 11
*Hunter v. Cnty. of Sacramento*, 652 F.3d 1225 (9th Cir. 2011) …………………….. 13
*Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012) ………………………………… 13
*King v. L.A. Cnty. Sheriff's Dept.*, 672 Fed. Appx. 701 (9th Cir. 2016) ……………… 3
*Lawrence v. Texas*, 539 U.S. 558 (2003) …………………………………………. 9
*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ……………………………. 11
*Lewis v. Casey*, 518 U.S. 343 (1995) ……………………………………………….. 4
*Lolli v. County of Orange*, 351 F.3d 410 (9th Cir. 2003) ……………………………. 9
*Long v. County of Los Angeles*, 442 F.3d 1178 (9th Cir. 2006) …………………….. 3
*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ……………………………………... 2, 6
*Lovell by & through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367 (9th Cir. 1996) 3
*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ……………………………….. 2, 4
*Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2004) ……………………………….. 5
*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) …………… 12-13
*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ……………………………….. 13
*Richter v. CC-Palo Alto, Inc.*, 176 F.Supp.3d 877 (N.D. Cal. 2016) …………………. 3
*St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049 (9th Cir. 2008) ………………………. 2
*Shepard v. Quillen*, 840 F.3d 686 (9th Cir. 2016) …………………………………. 11
*Shovove v. County of Los Angeles*, 203 Cal.App.4th 947 (2012) ……………………... 7
*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ……………………………………… 12
*State of Cal. v. Sup. Ct.*, 32 Cal. 4th 1234 (2004) …………………………………. 6
*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) …………………….. 1-2
*Turner v. Safley*, 482 U.S. 78 (1987) ………………………………………………. 14
*Warth v. Seldin*, 422 U.S. 490 (1975) ………………………………………………. 4
*Young v. Hawaii*, 548 F.Supp.2d 1151 (D. Haw. 2008) …………………………….. 8

-iii-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Page**

**Statutory Authorities**

42 U.S.C. section 1983 ……………………………………………….…...     1, 3, 4, 5, 8, 11, 13

Article III, Section II of the U.S. Constitution ………………………………….…...     1, 4

California Civil Code section 52.1 (Bane Act) ……………………………...………     1, 5, 6-7

California Code of Civil Procedure section 335.1 ……………………………….…...     5

California Code of Regulations, Title 15 ………………………………………………     3

California Government Code section 815.2(b) …………………………...……………     13

California Government Code section 820.2 ………………………...…………………     13

California Government Code sections 844, 844.6 ………………………………….…...     13

California Government Code section 945.4 (California Tort Claims Act) …....……...     6

California Penal Code section 1170.06 …………………………………………………     4

Eighth Amendment to the U.S. Constitution ……………………………….…………     1, 4, 9

First Amendment to the U.S. Constitution ……………………………………….…...     1, 4, 11

Fourteenth Amendment to the U.S. Constitution …………………………………….…...     1, 4, 8, 9, 10, 11

Fourth Amendment to the U.S. Constitution ………………………………………….…...     8, 9

**Page**

**Other Authorities**

Federal Rules of Civil Procedure Rule 19 ……………………………………………..     4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

At an initial glance, the claims in this lawsuit seem quite complex and scandalous.  A close reading of the SAC, however, reveals that the asserted claims lack meaningful specificity, are unsupported legally and violate the requirement of FRCP 8 to prove a short and plain statement of the claims asserted.  Plaintiffs are twenty-four current and former female inmates of Santa Rita Jail ("SRJ").  They purport to assert various claims under state and federal law on behalf of a proposed class of female inmates based on the conditions of their confinement at SRJ.  Plaintiffs, however, fail to state cognizable claims that entitle them to injunctive relief or damages, have failed to comply with applicable administrative requirements prior to filing suit, have failed to tether their allegations to controlling legal authorities and have filed a SAC rife with pabulum and improper legal conclusions.  As result, the Alameda County Defendants respectfully request that this Court dismiss Plaintiffs' SAC pursuant to FRCP 12(b)(1) and (6) and strike Plaintiffs' SAC to the extent that it is redundant, immaterial, and impertinent pursuant to FRCP 12(f).

## II.      PLAINTIFFS' CLAIMS FOR RELIEF

Plaintiffs allege nine causes of action against the Alameda County Defendants ("Defendants") and Defendants California Forensic Medical Group, Inc. ("CFMG") and Aramark Correctional Services, LLC ("Aramark").  Dkt. No. at 72 20-22.  They assert claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. 1983 ("Section 1983"), and state law claims of negligence and violation of California Civil Code Section 52.1(b) ("Bane Act").  *Id*. Plaintiffs' claims are alleged on behalf of an undefined proposed class comprised of female inmates, including a subclass of pregnant inmates detained at SRJ from January 1, 2015 to the present.  Id. 4:7-14; 18:5-19:24.  Plaintiffs seek various forms of relief, including injunctive relief, monetary and punitive damages, attorney's fees, and for an order requiring SRJ to place pregnant inmates in community placement programs.  Id. 22:20-24:14.

## III.      LEGAL STANDARD

Article III, Section II of the U.S. Constitution only grants federal courts jurisdiction over cases and controversies.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).  A court

-1-

may dismiss a complaint pursuant to FRCP Rule 12(b)(1) for lack of subject matter jurisdiction. In order for a dispute to be considered a case or controversy, a plaintiff must have standing to sue to resolve the dispute through the judicial process. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Failure to establish standing at the pleading stage is grounds for dismissal, and "the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co.*, 523 U.S. at 104, 109-110.

Next, under FRCP 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

In deciding whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft,* 556 U.S. at 678.   Although "legal conclusions" can provide the framework of a complaint, they must be supported by factual allegations.  *Iqbal*, 556 U.S. at 679. The court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  *See also Iqbal*, 556 U.S. at 678.   To survive a Rule 12(b)(6) motion, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp*, 550 U.S. at 555.  Instead,

While failure to amend should be freely granted "when justice so requires," a court need not grant leave when it "determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  A court may also consider other factors such as "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

///

///

1

## IV.    ARGUMENT

2

**A.    Plaintiffs Fail to Tether their Claims to Binding Legal Authority.**

3

   **1.    Section 1983 Does Not Offer Redress for State Law Violations.**

4      To prevail on a claim under Section 1983, a "[p]laintiff must link each named defendant

5   with some affirmative act or omission that demonstrates a violation of [her] federal rights."

6   *Chappell v. Newbarth*, 2009 U.S. Dist. LEXIS 41499, *6 (E.D. Cal. 2009).   *See also Long v.*

7   *County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006). The SAC fails to meet this basic

8   requirement.   In addition to citing several federal Constitutional amendments, Plaintiffs cite

9   several state laws throughout their SAC and suggest that defendants' alleged violation of these

10  laws entitles them to relief under Section 1983.   *See, e.g.* Dkt. No. 72 at 5:15-19; 21:16-22:17.

11  Plaintiffs, however, fail to tie any allegedly illegal conduct to any specific defendant, or identify

12  any allegedly improper policy.  Furthermore, Section 1983 does not offer redress for violations of

13  state-created interests.   *Lovell by & through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370

14  (9th Cir. 1996).  Indeed, it only offers redress of state law violations that ultimately cause "the

15  deprivation of a right protected" by the U.S. Constitution.  *Id*.  As such, this Court should dismiss

16  Plaintiffs' SAC to the extent that it seeks to assert Section 1983 claims based on state law claims,

17  with prejudice.

18      **2.    None of the State Statutes or Regulations Cited by Plaintiffs Provides a Private
       Right of Action.**

19

20      Plaintiffs' SAC should also be dismissed to the extent that it purports to seek relief under

21  the cited state statutes and regulations.  *See* Dkt. No. 72 at 5:15-19, 13:9, 14:5, 23:4, 24:4.  Title 15

22  of the California Code of Regulations, the California Penal Code, and the California Health &

23  Safety Code do not create private rights of action for alleged non-compliance.  *King v. L.A. Cnty.*

24  *Sheriff's Dept.*, 672 Fed. Appx. 701, 702 (9th Cir. 2016) (Title 15); *Cort v. Ash*, 422 U. S. 66, 78

25  (1975) (criminal statutes); *Richter v. CC-Palo Alto, Inc.*, 176 F.Supp.3d 877, 894 (N.D. Cal. 2016)

26  (California Health & Safety Code).

27      Even if these state regulations did create private rights of action, Plaintiffs fail to allege

28  sufficient, plausible facts to suggest that SRJ does not comply with the cited state statutes and

-3-

1   regulations due to the action of any specific Defendant.  For example, Plaintiffs challenge SRJ's

2   detainment of pregnant inmates and request a Court order to order SRJ to place pregnant inmates

3   in alternative custody pursuant Penal Code section 1170.06, but fail to allege the multiple statutory

4   exceptions (e.g. violent offenders) or the expressly voluntary nature of this section.  Dkt. No. 5:17,

5   23:3-4; Cal. Pen. Code section 1170.06.  Finally, to the extent that Plaintiffs seek to challenge the

6   constitutionality of the non-mandatory nature of section 1170.06, or the minimum standards set

7   forth in the other administrative statutes they cite, the proper avenue would be to sue the parties

8   with the power to change the standards.  *See* Fed. Rule Civ. Pro. 19.  Since Plaintiffs do not appear

9   to be challenging the constitutionality of these state regulations and cannot state a cognizable claim

10  upon which relief may be under these regulations, all such claims should be dismissed from their

11  SAC, with prejudice.

**B.      Plaintiffs' SAC Must be Dismissed for Lack of Subject Matter Jurisdiction.**

       **1.      Plaintiffs Lack Article III Standing to Seek Relief Individually and on Behalf of the Putative Class.**

15          To establish Article III standing under the U.S. Constitution to seek relief for a case or

16  controversy, there must be: (1) an injury in fact that is concrete and particularized, actual or

17  imminent; (2) a causal connection between the injury and the conduct complained of; and (3) a

18  likelihood that the injury will be corrected with a favorable decision.  *Lujan v. Defenders of*

19  *Wildlife*, 504 U.S. 555, 560 (1992).  When multiple named plaintiffs act on behalf of a proposed

20  class, each named plaintiff must "allege and show that they personally have been injured, not that

21  injury has been suffered by other, unidentified members of the class to which they belong and

22  which they purport to represent."  *Warth v. Seldin*, 422 U.S. 490, 502 (1975).  Each named

23  plaintiff must also allege how they have individually "suffered an injury in fact that is fairly

24  traceable to the conduct of the named defendants."  *Hartmann v. Cal. Dep't of Corr. & Rehab.*,

25  707 F.3d 1114, 1129 (9th Cir. 2013) (citations omitted).  *See also Lewis v. Casey*, 518 U.S. 343,

26  357 (1995).

27          Here, Plaintiffs fail to allege an injury in fact in relation to their Section 1983 claims under

28  the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and for their

Bane Act and negligence claims under state law.  Instead of alleging concrete and particularized facts to demonstrate which specific injuries they have each incurred, Plaintiffs merely state in a conclusory terms that they have been harmed.  *See, e.g.* Dkt. No. 72 at 7:10-17.  Moreover, when Plaintiffs actually specify that a particular plaintiff has suffered an alleged injury, they fail to identify the specific defendant who is allegedly responsible for perpetrating the alleged injury, when the injury occurred, causation or damages.  *See, e.g.* Dkt. No. 72 at 7:18-8:1.  Thus, even if Plaintiffs' factual allegations are accepted as true, it is impossible to determine which, if any, named Plaintiffs has suffered an injury in fact that is fairly traceable to the conduct of any specifically named defendant.

Ultimately, Plaintiffs do not have standing simply to allege, on behalf of the proposed class, that the defendants in this matter in matter are breaking the law, in the absence of a showing that they have each suffered a personalized, concrete harm.  *See Allen v. Wright*, 468 U.S. 737, 755 (1984).  As a result, Plaintiffs claims must fail and their SAC should be dismissed in full.

**2.     Plaintiffs Lack Standing to Assert Claims that Arose Prior to January 4, 2016.**

Even if Plaintiffs do have standing to assert the claims in this lawsuit, they do not have standing to assert claims for the proposed class as currently alleged.  Although it is unclear, Plaintiffs appear to be attempting to assert claims on behalf of a proposed class of female inmates detained at SRJ from January 1, 2015 to the present.  Dkt. No. 72 at 4:7-14; 18:5-19:24.  California's personal injury statute, however, imposes a two-year statute of limitations on claims that fall under this statute, including claims brought under Section 1983.  Cal. Code Civ. Proc. section 335.1.  *See also Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004).  As a result, to the extent Plaintiffs do have standing to assert this lawsuit, it should be limited to claims that have arisen since January 4, 2016; two years prior to the filing of their original complaint.

**3.     The Released Plaintiffs Lack Standing to Seek Injunctive Relief.**

Plaintiffs' SAC acknowledges that some of them are currently incarcerated in SRJ, while others have been released.  Dkt. No. 72 at 6:24-7:9.  When an inmate plaintiff is released from custody while a request for injunctive relief is pending, the claims are generally mooted unless the suit has been certified action or if the challenged actions are "capable of repetition, yet evading

1  review." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).  Here, since Plaintiffs' proposed

2  class has not been certified and the released Plaintiffs fail to allege that they have a reasonable

3  expectation of returning to SRJ at any point in the future, any standing they had for requested

4  injunctive relief is now moot.

5  **C.      Plaintiffs' SAC Must be Dismissed for Failure to State a Claim for Relief.**

6       Plaintiffs' SAC should also be dismissed for failure to state a plausible claim in compliance

7  with the federal pleading standards.  *See Bell Atlantic Corp*, 550 U.S. at 55.  This dismissal should

8  be with prejudice in light of Plaintiffs' recognition that their SAC is "doubly subject to scrutiny,"

9  and due to the fact that their two prior failed attempts to state cognizable claims demonstrates the

10 futility of any further amendments.  *Lopez*, 203 F.3d at 1127.

11              **1.      Plaintiffs Fail to Allege Any Cognizable State Law Claims.**

12      There is no need for this Court to address the plausibility of Plaintiffs' state law claims,

13 because Plaintiffs fail to plead compliance with the California Tort Claims Act ("CTCA").  Cal.

14 Gov. Code section 945.4.  The CTCA requires a plaintiff to file a written claim prior to filing a tort

15 claim against a public entity.  *Id.*  California courts have interpreted the CTCA to require a

16 plaintiff to specifically plead facts that demonstrate or excuse compliance with the CTCA's claim

17 presentation requirement.  *State of Cal. v. Sup. Ct.*, 32 Cal. 4th 1234, 1239 (2004).  Moreover, the

18 California Supreme Court has unequivocally held that a plaintiff bears the burden of pleading and

19 proving compliance with the CTCA.  *State of Cal.*, 32 Cal.4th at 1242.

20      Here, Plaintiffs have not met this burden because they have neglected to plead compliance

21 with the CTCA.  *See generally* Dkt. No. 72.  As such, there is no way for this Court to determine

22 whether they submitted a written claim to the County of Alameda ("County") prior to bringing this

23 lawsuit from the face of their SAC.  *State of Cal.*, 32 Cal.4th at 1240-42.  Accordingly, all of

24 Plaintiffs' state law claims should be dismissed against all defendants.

25              **a.      Even if Plaintiffs had Properly Pled Compliance, Their Bane Act**
                          **Claims Fail as a Matter of Law because Plaintiffs Do Not Specifically**
26                        **Allege that They Were Subjected to Violence or Threat of Violence.**

27      To properly plead a cause of action under the Bane Act, a plaintiff must allege, among

28 other elements, interference with a plaintiff's constitutional or statutory rights by threatening or

-6-

1  committing violent acts.  Austin B. Escondido Union School Dist., 149 Cal.App.4th 860, 882 (Cal.

2  Ct. App. 2007).  A plaintiff must also show that she "reasonably believed" that if she exercised her

3  constitutional right, the defendant would commit violence against him or his property.  Id.

4        Here, each named Plaintiff fails to specifically allege that any specific defendant used

5  verbal threats or actual violent acts to interfere with any rights they were entitled to receive during

6  their respective detainments at SRJ.  For example, although Plaintiffs allege that their right to free

7  speech was denied during meals, "upon pain of punishment," and that they endured "arbitrary

8  infliction of punishment depending on the mood or often whim of the sheriff's deputy on duty,"

9  they fail to specifically allege that this "punishment" involved any form of violence.  Id. At 7:14-

10 16.  Moreover mere "moods" or attitudes, like mere words, are insufficient to support a Bane Act

11 claim unless they include a threat of or actual violence.  *See Shoyoye v. County of Los Angeles*,

12 203 Cal.App.4th 947, 958 (2012).  Finally, even Plaintiffs' vague references to "punishment" do

13 involve violence, they fail to allege that they reasonably believed that they would be subjected to

14 violence if they tried to exercise their rights during their respective detainments at SRJ.  Id.  As a

15 result, Plaintiffs' seventh cause of action should be dismissed, with prejudice, for failure to state a

16 claim against all defendants.

17            **b.     Plaintiffs' Negligence Claims Also Fail as a Matter of Law because
                        Plaintiffs Do Not Specifically Allege that Any Named Defendant
18                      Personally Engaged in Conduct that Caused Their Alleged Injuries.**

19       Plaintiffs' eighth cause of action for negligence alleges that unspecified defendants

20 breached a duty of care owed to plaintiffs and the putative class members. Dkt. No. 72 at 22:13-

21 15.  To properly plead a claim for negligence, Plaintiffs must show that each specific defendant

22 "had a duty to use due care, that [they] breached that duty, and that the breach was the proximate

23 or legal cause of the resulting injury."  *Hayes v. County of San Diego*, 57 Cal.4th 622, 629 (2013).

24 Further, if Plaintiffs seek to assert municipal liability, they must also allege that the Alameda

25 County Defendants' conduct was so egregious that it constituted deliberate indifference to their

26 rights.  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

27       Here, Plaintiffs specifically name defendant Deputies Devine, Farmanian, Weathersbee,

28 Pope, Winstead, and Caine (collectively, "Defendant Deputies") as individual defendants.   In

doing so, however, Plaintiffs fail to specifically allege how any of these individuals breached any duty of care that was owed to them during their detainment at SRJ.  Further, although Plaintiffs, vaguely accuse Defendant Deputy Devine of harshly accusing unknown female inmates of "using illegal drugs," they fail to specifically allege that this conduct was ever directed at them personally or how it ultimately lead to the occurrence of their alleged injuries.  *See Id.* at 13:19-24.

As to their allegations against the supervisory Defendants, Sheriff Ahern, Assistant Sheriff Keteles, Commander Madigan, Captain Russell, Lieutenant Hattaway, and Sergeant Calegari (collectively, "Defendant Supervisors"), Plaintiffs must allege that each of these supervisory defendants personally caused their alleged injuries or acted with deliberate indifference to their rights while they were detained at SRJ, which they fail to do.  *See generally*, *Id.*

### 2.   Plaintiffs Fail to Allege Any Cognizable Federal Law Claims.

#### a.   Plaintiffs' Fifth Amendment Claims Fail as a Matter of Law because Plaintiffs Do Not Allege Any Federal Action.

Plaintiffs' first, fourth, and fifth [¶ 66][1] causes of action generally reference the Fifth Amendment.  The due process and equal protection clauses of the Fifth Amendment, however, only apply to action by the federal government. *Young v. Hawaii*, 548 F.Supp.2d 1151, 1171 (D. Haw. 2008)

#### b.   Plaintiffs' Fourth Amendment and Substantive Due Process Claims Fail as a Matter of Law because They are Improperly Alleged.

The remainder of Plaintiffs' first cause of action is brought pursuant to the substantive due process clause of the Fourteenth Amendment and Section 1983 against unspecified defendants. Dkt. No. 72 at 20:6-7.  To properly allege a constitutional violation under Section 1983 based on substantive due process, a plaintiff must "show both a deprivation," of her life, liberty, or property interest, "and conscience shocking behavior by the government."  *Brittain v. Hansen*, 451 F.3d 982, 991 (2006).  In practice, in lieu of expanding the protections afforded by substantive due process beyond certain limited categories, the U.S. Supreme Court has chosen to restrict a plaintiff's claim to the particular amendment that offers Constitutional protection against the

---

[1] Paragraph numbers are used to distinguish between the two claims identically labeled "Fifth Cause of Action."

complained of government conduct.  *See, e.g., Lawrence v. Texas*, 539 U.S. 558, 559 (2003); *Graham v. Conner*, 490 U.S. 386, 395 (1989).  Although it is unclear which claims Plaintiffs are seeking to address under this cause of action, any such claims are properly addressed in their third through sixth causes of action brought under the Fourth, Eighth, and Fourteenth Amendments as addressed below.  As such, this cause of action is unduly duplicative and should be dismissed, with prejudice.

Plaintiffs' denial of medical care and cruel and unusual punishment claims brought under the Fourth Amendment are similarly duplicative.  *See* Dkt. No. 72 at 20:9; 21:5.  In the jail setting, the Fourth Amendment does not govern claims for the denial of medical needs.  Instead, these claims must be brought pursuant to the Eighth and Fourteenth Amendments.  *See Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003).  Additionally, Plaintiffs claims fail to the extent that they seek to allege that the "strip and body cavity searches" they allegedly endure at SRJ constitute cruel and unusual punishment, because the Fourth Amendment's "proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).  Since Plaintiffs fail to plead any facts to suggest that the alleged "strip and body searches" they endure occur outside of their cells, their second and fifth [¶ 67] causes of action should be dismissed against all defendants.

        **c.**     **Plaintiffs' Conditions of Confinement Claims Fail as a Matter of Law Because Plaintiffs Fail to Allege the Requisite Intent to Satisfy the Deliberate Indifference Standard.**

Second, Plaintiffs' second, third, and fifth [¶ 67] causes of action under the Eighth and Fourteenth Amendments allege that unspecified defendants denied them necessary medical care and subjected them to cruel and unusual punishment.  Dkt. No. 72 at 20:8-26; 21:5-14.  The Eighth and Fourteenth Amendments impose certain duties upon prison officials, including a duty to ensure that inmates receive adequate food, clothing, shelter and medical care.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994),.  To properly plead conditions of confinement claims under the Eighth and Fourteenth Amendments, a plaintiff must allege that she is being subjected to a "substantial risk of harm" and that the responsible defendant(s) are subjecting her to this harm with "deliberate indifference."  *Farmer*, 511 U.S. at 832.  Deliberate indifference occurs when a jail official

1    "knows of and disregards an excessive risk to inmate health or safety."  *Id.* at 837-38.

2          Although this same standard applies to medical indifference claims brought by pretrial

3    detainees, for other conditions of confinement claims, a pretrial detainee must establish that the

4    responsible official's actions caused her to suffer some harm or disability and that the purpose of

5    the action was punitive.  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir.

6    2010), *overruled on other grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016); *Bell*

7    *v. Wolfish*, 441 U.S. 520, 538 (1979).  However, "if a particular condition or restriction of pretrial

8    detention is reasonably related to a legitimate governmental objective, it does not, without more,

9    amount to 'punishment.'"  *Bell,* 441 U.S. at 539.

10         Here, Plaintiffs assert a host of non-specific claims including that their medical, feminine

11   hygiene, sanitation, nutrition, laundry, and exercise, education, counseling, and visitation needs are

12   not met at SRJ.  Dkt. No. 72 at 3:1-2; 5:9-10.  They also allege that pregnant inmates are

13   specifically subjected to "all pervasive strip searches and body cavities searches" and "unjustified

14   use of solitary confinement."  *See Id.* at 15:5-17:6.  Nevertheless, Plaintiffs fail to sufficiently

15   allege that these actions caused them to suffer specific harm, or to allege specific punitive intent of

16   any defendant.  Moreover, the SAC fails to identify which plaintiffs are pre-trial detainees and

17   which have been already sentenced.  Regardless, any sentenced plaintiffs fail to allege sufficient,

18   non-conclusory facts to show how any specific defendant was aware of facts that would have led

19   them to be conclude that there was a specific risk to the inmate's health or safety.  Any Plaintiffs

20   who are or were pretrial detainees, similarly fail to allege sufficient facts to show that any

21   defendant was deliberately indifferent or purposely engaged in a punitive action that caused

22   Plaintiffs to suffer any other particular harm.  For these reasons, Plaintiffs second, third, and fifth

23   [¶ 67] causes of action should be dismissed against all defendants.

24                    **d.      Plaintiffs' Equal Protection Claims Fail as a Matter of Law Because
                               Plaintiffs Do Not to Allege Intentional Discrimination.**

25

26         Plaintiffs' allege that unspecified defendants discriminated against all female inmates and

27   against pregnant inmates specifically.  Dkt. No. 72 at 20:25-26.  To plead a claim for violation of

28   the equal protection clause of the Fourteenth Amendment, a plaintiff must allege that a defendant

-10-

1   "acted with an intent or purpose to discriminate against the plaintiff based on membership in a

2   protected class." *Lee v. City of Los Angeles,* 250 F.3d 668, 685 (9th Cir. 2001) (citations omitted).

3       Here, although Plaintiffs allege in conclusory terms that pregnant inmates are discriminated

4   against at SRJ, they do not allege specific facts which lead to the plausible conclusion that a

5   specific defendant intentionally or purposefully discriminated against the pregnant Plaintiffs, or

6   any other pregnant inmates for that matter, specifically because of their pregnancy disability.

7   Additionally, although Plaintiffs allege that female inmates are treated differently than male

8   inmates, they never allege any specific facts to suggest female inmates are intentionally or

9   purposefully discriminated against specifically because they are female.

10           **e.      Plaintiffs' Free Speech Claims Fail as a Matter of Law Because They do
                        Not Allege any Punitive Action.**

11

12       Plaintiffs' allege that unspecified defendants violate their rights to free speech, including

13   the right to protest conditions, under the First and Fourteenth Amendments.  Dkt. No. 72 at 21:13-

14   14.  Although the First Amendment guarantees a right to freedom of speech, prisoners only "retain

15   those First Amendment rights of speech not inconsistent with their status as prisoners or with the

16   legitimate penological objectives of the corrections system."  *Hudson*, 468 U.S. at 519 (internal

17   citations omitted).  To properly state a claim for violation of the First Amendment under Section

18   1983, a prisoner or pretrial detainee must allege that "(1) a state actor took some adverse action (3)

19   because of (3) the prisoner's protected conduct, that such action (4) chilled his exercise of his First

20   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

21   *Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016) ( citations omitted).

22       Here, although Plaintiffs allege that they are denied the right to protest prison conditions,

23   they fail to allege any facts to support this allegation.  Instead, Plaintiffs vaguely allege that they

24   are subjected to a "stultified grievance practice," and other facts that do not lead to the plausible

25   conclusion that they are punitively being prevented or discouraged from meaningfully utilizing

26   SRJ's grievance procedures.  Dkt. No. 72 at 3:3.  Plaintiffs also allege that they are being denied

27   "the right to speak during meals upon pain of punishment and being told where to sit."  *Id.* at 7:14-

28   15.  However, even if this allegation is true, it is not supported by any facts to suggest that this

-11-

1   alleged "punishment" is for a punitive purpose, as opposed to a legitimate penological purpose,

2   such as to maintain order, or that Plaintiffs have felt discouraged from exercising their free speech

3   rights due to fear of alleged punishment by an specific defendant.  As a result, Plaintiffs' sixth

4   cause of action should be dismissed against all defendants.

5   **D.       The Alameda County Defendants are Immune from Suit.**

6           **1.       The Individually-Named Alameda County Defendants are Entitled to
                      Qualified Immunity from Plaintiffs' Federal Claims; Alameda County
7                     Defendants are Immune from Plaintiffs' State Law Claims**

8           Regarding Plaintiffs' federal claims, supervisory employees cannot be held liable for their

9   subordinates' actions on a respondent superior basis.  *Monell v. Dep't of Soc. Servs. Of City of*

10  *New York*, 436 U.S. 658, 694, fn. 58 (1978).  *See also Blankenhorn v. City of Orange*, 485 F.3d

11  463, 485 (9th Cir. 2007).  Instead, supervisory liability may only be imposed if a plaintiff proves

12  that the supervisor was personally involved in the alleged constitutional deprivation, or if there is a

13  sufficient causal connection between the supervisor's wrongful conduct and the constitutional

14  violation.  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).  Public employees are also entitled

15  to qualified immunity from claims based on federal law "as long as their actions could reasonably

16  have been thought consistent with the rights they are alleged to have violated."  *Anderson v.*

17  *Creighton*, 483 U.S. 635, 638 (1987).

18          Here, the Defendant Deputies are entitled to both statutory and qualified immunity, because

19  Plaintiffs fail to allege to suggest that the Defendant Deputies were personally involved in causing

20  any of the alleged injuries.  Moreover, the vague allegations about Deputy Devine do not suggest

21  that her actions were unreasonable in light of the applicable circumstances.  *See* Dkt. No. 72 at

22  13:19-24.   As for the Defendant Supervisors, Plaintiffs' broad, conclusory statements are

23  insufficient to suggest that they were personally involved in the alleged violations or that there was

24  a sufficient causal connection between their wrongful conduct and their subordinates' alleged

25  constitutional violations, if there were any.  Ultimately, "bare accusations" are insufficient to

26  subject "government officials to either the costs of trial or the burdens of broad-reaching

27  discovery, the Defendant Deputies and Defendant Supervisors are completely immune from

28  Plaintiffs' state and federal law claims and should be dismissed from this suit. *Crawford-El v.*

1   *Britton*, 523 U.S. 574, 588 (1998).  *See also Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

2          Next, with regard to Plaintiffs' state laws claims, under California Government Code

3   section 820.2, public employees are immune from injuries caused by their discretionary actions.

4   The County of Alameda is immune from suit for alleged injuries to prisoners under California

5   Government Code sections 844 and 844.6. Further, section 815.2(b) of the California Government

6   Code provides that a public entity cannot be held liable for the acts or omissions of an employee

7   when the employee is immune from liability.

8          **2.     Plaintiffs Fail to State a *Monell* Claim.**

9          Public entities may not be sued under Section 1983 for injuries inflicted solely by their

10  employees or agents, but instead may be sued for a constitutionally deficient custom, policy or

11  practice. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978).  As such,

12  Alameda County cannot be held liable for the alleged actions of the Defendant Deputies,

13  Defendant Supervisors, or any unnamed County employees.   Moreover, here neither Alameda

14  County nor any of its alleged policy makers can be held liable under Section 1983 because

15  Plaintiffs fail to identify a single specific policy, or longstanding custom or practice that caused a

16  constitutional tort.  *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986); *See also*

17  *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). Indeed, here the *only* allegation in the

18  SAC regarding *Monell* liability is a vague allusion to "unconstitutional explicit and de facto

19  polic(ies) of discrimination and systematic maltreatment – particularly of pregnant an menstruating

20  women, with the rule of *Monell*…." Dkt 72, ¶ 14.  Such threadbare allegations fail to state a claim

21  under a *Monell* theory of liability, as Plaintiffs must identify a particular policy, custom or

22  practice. *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232-33 (9th Cir. 2011)(quoting *Bd. of*

23  *Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Moreover, Plaintiffs have failed to properly

24  allege any violations of underlying constitutional rights.

25  **E.     Ultimately, SRJ's Administrators' Decisions are Entitled to Significant Deference.**

26         It is indisputable that jail administrator decisions are "entitled to significant deference."

27  *Casey v. Lewis*, 4 F.3d 1516, 1521 (9th Cir. 1993).  Indeed, the U.S. Supreme Court has stated that

28  "courts are ill equipped to deal with the increasingly urgent problems of prison administration and

-13-

1   reform" and acknowledged that [r]unning a prison is an inordinately difficult undertaking that

2   requires expertise, planning, and the commitment of resources, all of which are peculiarly within

3   the province of the legislative and executive branches of government." *Turner v. Safley*, 482 U.S.

4   78, 84-85 (1987).

5          As is apparent from the above analysis, instead of alleging plausible claims for relief

6   supported by sufficient factual details, Plaintiffs' SAC is rife with unsupported, conclusory

7   allegations that challenge SRJ's administrators' overall operation of SRJ.  Plaintiffs also attempt to

8   substitute their own vague idea of how the facility should be run, while ignoring the binding laws,

9   regulations, and other standards that SRJ's administrators are required to comply with under both

10  state and federal law. Ultimately, the only thing Plaintiffs' SAC establishes is that the conditions

11  of their confinement at SRJ are uncomfortable and their freedom has been restricted, which is

12  insufficient grounds for a constitutional or other right for relief.  See *Bell Atlantic Corp.*, 441 U.S.

13  at 537; *see also Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003) [holding that the

14  constitution does not require "comfortable prisons," but it requires that prisons not be

15  "inhumane."].   Thus, in the absence of specific factual allegations stating constitutional claims to

16  challenge the way SRJ is being operated by its administrators, Defendants urge this Court to

17  dismiss Plaintiffs' SAC.

18  **F.     The Alameda County Defendants Join in Co-Defendants' Motions to Dismiss**

19         The Alameda County Defendants' join in co-defendants' respective motions to dismiss

20  with regard to food and medical issues.

                               **V.     CONCLUSION**

22         Plaintiffs' SAC is fatally defective and falls significantly short of the federal pleading

23  standards.  *See Ashcroft*, 556 U.S. at 678 *and Bell Atlantic Corp*, 550 U.S. at 555.  In light of the

24  fact that this is Plaintiffs' third attempt to allege valid claims, granting them leave to amend their

25  claims for a fourth time would be futile.  The Alameda County Defendants, therefore respectfully

26  request that this motion to dismiss be granted in full and leave to amend denied.

27  ///

28  ///

-14-

1   DATED:  April 20, 2018

2                                                   BOORNAZIAN, JENSEN & GARTHE
                                                    A Professional Corporation
3

4                                                   By: /s/ GREGORY B. THOMAS, ESQ.
                                                        GREGORY B. THOMAS, ESQ.
5                                                       TEMITAYO O. PETERS, ESQ.
                                                        Attorneys for Defendants COUNTY OF
6                                                   ALAMEDA, GREGORY J. AHERN, BRETT M.
                                                    KETELES, TOM MADIGAN, D. SKOLDQVIST,
7                                                       LT. HATTAWAY, SGT. CALEGARI,
                                                    DEPUTY DIVINE (512), DEPUTY DEBRA
8                                                   FARMANIAN, DEPUTY WEATHERBEE (238),
                                                    DEPUTY TANIA POPE, DEPUTY WINSTEAD,
9                                                       and DEPUTY CAINE

10  28116\778235

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES – Case No. 3:18-cv-00050-JD