Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Temitayo O. Peters (SBN 309913)
E-mail: tpeters@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612-3501
Tel: 510.273-8780 Fax: 510.839.9104

Attorneys for Defendants
COUNTY OF ALAMEDA GREGORY J. AHERN, BRETT M. KETELES, TOM MADIGAN, D. SKOLDQVIST, LT. JARED HATTAWAY, SGT. CALEGARI, DEPUTY SADIE DIVINE (512), DEPUTY DEBRA FARMANIAN, DEPUTY WEATHERBEE (238), DEPUTY TANIA POPE, DEPUTY KRISTEN WINSTEAD and DEPUTY CAIN (collectively "Alameda County Defendants")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN MOHRBACHER, et al., <br><br> Plaintiffs, <br> v. <br><br> ALAMEDA COUNTY SHERIFF'S OFFICE, et al., <br><br> Defendants. | Case No. 3:18-cv-00050-JD <br><br> **COUNTY OF ALAMEDA'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L. R. 7-11 [Dkt. No. 160]** |

Pursuant to Civil L. R. 7-11, the County of Alameda ("County") respectfully submits this opposition to the Administrative Motion to Consider Whether Cases Should Be Related ("Motion") filed on May 7, 2020. Dkt. No. 160.

### I.     INTRODUCTION

On May 7, 2020, Plaintiff Marcaysha Alexander filed the subject Motion, which was authored by the named plaintiffs in a case entitled *Alameda County Male Prisoners, et al. vs. Alameda County Sheriff's Office, et al.*, Case No. 3:19-cv-07423 (hereinafter, "*Alameda County Male Prisoners*"). *Id.* The Motion seeks to relate the recently-filed *Alameda County Male*

*Prisoners* case to the present matter, *Jaclyn Mohrbacher, et al. v. Alameda County Sheriff's Office et al.*, Case No. 3:18-cv-00050-JD (hereinafter, "*Mohrbacher*"). *Id.*

The County opposes the Motion because the *Alameda County Male Prisoners* case does not meet the definition of related cases under Civil L. R. 3-12(a). Not only does the *Alameda County Male Prisoners* case involve substantially different parties than the *Mohrbacher* case, but it also involves substantially different claims and requests for relief. In light of these differences, adjudicating the two cases separately will not unduly burden the respective parties and the Court. Indeed, the *Mohrbacher* case remains before Magistrate Judge Laurel Beeler in settlement negotiations, which have been ongoing for the past two years. For these reasons, the County respectfully requests that the Motion be denied. If the Court feels inclined to grant the Motion, however, the County alternatively requests that the Motion be disregarded as permitted under Civil L. R. 3-12(b) because it was not filed with the required proof of service.

## II.     BRIEF SUMMARY OF THE SUBJECT ALLEGATIONS

**A.     The Allegations in *Alameda County Male Prisoners*.**

*Alameda County Male Prisoners* is a 2019 federal civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Eighth, and Fourteenth Amendments against the County, various individually-named County employees, and the independent County contractors who provide medical care and food services at SRJ. In sum, the named plaintiffs, who bring this action on behalf of all males "imprisoned at the Santa Rita Jail [SRJ] any time since November 12, 2017" and a subclass of male COVID-19-positive prisoners,[1] allege that the general conditions of confinement at SRJ for male inmates, including the lack of outdoor exercise, food, medical care, sanitation in the male housing units and kitchen, and out-of-cell time, visiting, strip search, and grievance procedures, violate federal law. See Dkt. No. 160 at 2. To remedy the alleged constitutional deficiencies, the male plaintiffs seek various forms of injunctive relief,

---

[1] There is a certified class action pending against County of Alameda defendants entitled *Ashok Babu, et al. v. Gregory J. Ahern, et al.*, Case No. 18-cv-07677-NC, pending before Magistrate Judge Nathanael Cousins, which focuses on use of isolation in the corrections setting and the delivery of mental health services. Judge Cousins has been holding regular hearings since the onset of the COVID-19 pandemic monitoring Santa Rita Jail's COVID-19 response.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 2 -

COUNTY OF ALAMEDA'S OPPOSITION
ADMINISTRATIVE MOTION TO RELATE
CASE NO.: 3:18-CV-00050-JD

1  attorneys' fees and costs, and any further relief as the Court deems appropriate.

2  **B.     The Allegations in *Mohrbacher*.**

3  *Mohrbacher* is a 2018 civil rights lawsuit brought under both federal and state law against the County, various individually-named County employees, and the independent County contractors who provide medical care and food services at SRJ. The named plaintiffs, who seek to assert claims on behalf of a class of all women imprisoned at SRJ since January 8, 2016 and a subclass of pregnant prisoners, assert conditions of confinement claims premised on supposed equal protection violations. Dkt. No. 103 ¶¶ 18, 29. For example, the *Mohrbacher* plaintiffs claim that the County's out-of-cell time, programming, strip search, grievance, and laundry procedures unconstitutionally disfavor women. *Id*. at ¶¶ 32, 38-50. They also incorporate allegations related to deficient medical care, primarily related to miscarriages and forced abortions. *Id*. at ¶¶ 29, 91-122. In addition to injunctive relief, attorney's fees, and further relief as the Court deems appropriate, the *Mohrbacher* plaintiffs also seek compensatory and punitive damages to remedy their claims. *See, e.g. Id.* at ¶ 192.

### III.     ARGUMENT

**A.     Civil L. R. 3-12(a)'s Definition of "Related Cases" Has Not Been Met.**

Pursuant to Civil L. R. 3-12(a), cases are related if: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." The claims asserted in the *Alameda County Male Prisoners* and *Mohrbacher* cases do not meet this definition for several reasons.

**1.     The *Alameda County Male Prisoners* Case Concerns Significantly Different Parties and Events.**

The *Alameda County Male Prisoners* and *Mohrbacher* cases involve different jail populations (men versus women), different issues, different policies, and are at very different stages of litigation. Although the two cases name a number of the same defendants,[2] the named

---

[2] The County notes, however, that the two cases name different individual County employees as defendants.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 3 -

COUNTY OF ALAMEDA'S OPPOSITION
ADMINISTRATIVE MOTION TO RELATE
CASE NO.: 3:18-CV-00050-JD

plaintiffs are distinctly different.  Whereas the *Alameda County Male Prisoners* case is brought by fourteen (14) male inmates, the *Mohrbacher* case is brought by twenty-four (24) female inmates.  Dkt. No. 103 at ¶¶ 14-18; Dkt. No. 160 at 2.  Additionally, although the named plaintiffs in both cases seek class certification, the *Alameda County Male Prisoners* seeks class certification solely on behalf of SRJ's male inmates, whereas the *Mohrbacher* plaintiffs seek class certification solely on behalf of SRJ's female inmates.  Dkt. No. 103 at ¶ 14; Dkt. No. 160 at 3.  This distinction is further amplified by the unique characteristics and complexities of the proposed subclasses in each case as addressed in more detail below.  Thus, the actions do not "concern substantially the same parties" under Civil L. R. 3-12(a)(1).

Second, the claims for relief asserted by the *Alameda County Male Prisoners* are not substantially similar to the claims for relief presented by the *Mohrbacher* plaintiffs.  For example, although both cases concern the conditions of confinement within SRJ for inmates, the *Alameda County Male Prisoners* case appears to be focused on general conditions of confinement and the jail's COVID-19 response.  The *Mohrbacher* case, in contrast, is more limited and primarily focused on the conditions of confinement as it relates to the alleged differentiation between male and female treatment.  *Id.* at ¶¶ 38, 39, 47, 48, 179.  This difference is exemplified by the fact that the medical allegations in the *Alameda County Male Prisoners* plaintiffs seem to be concerned about the general medical treatment COVID-19 positive inmates are receiving at SRJ, whereas the *Mohrbacher* plaintiffs are solely concerned about the medical care being provided to female inmates, particularly pregnant female inmates.  *Id.* at ¶¶ 29, 92-122, 157.  This difference is further emphasized by the fact that the named *Mohrbacher* plaintiffs seek compensatory and punitive relief for their individual damages, in addition to injunctive relief under both state and federal law, whereas the *Alameda County Male Prisoners* plaintiffs only seek injunctive relief under federal law.  Thus, the cases do not "concern substantially the same . . . property, transaction or event" under Civil L. R. 3-12(a)(1).

**2.  Adjudicating the *Alameda County Male Prisoners* Case Separately Will Not Be Unduly Burdensome.**

In light of the above, there will be no "unduly burdensome duplication of labor and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 4 -

COUNTY OF ALAMEDA'S OPPOSITION
ADMINISTRATIVE MOTION TO RELATE
CASE NO.: 3:18-CV-00050-JD

expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a)(2). Indeed, granting this Motion could actually undermine defendants' and the Court's ongoing, two-year effort to achieve a negotiated settlement of the injunctive relief requested in the *Mohrbacher* lawsuit.[3] Granting this Motion could also result in conflicting results in light of the fact that the *Alameda County Male Prisoners* plaintiffs' request for injunctive relief on behalf of its COVID-19 positive subclass overlaps with the Court's ongoing oversight of SRJ's COVID-19 response in *Ashok Babu, et al. v. County of Alameda, et al.*, Case No. 4-18-cv-07677-NC.

**B.     The Motion is Procedurally Improper.**

Finally, if the Court feels inclined to grant the Motion, the County alternatively requests that the Motion be disregarded as permitted under Civil L. R. 5-5(b). Civil L. R. 3-12(b) states that a properly filed Administrative Motion to Consider Whether Cases Should Be Related must comply with 7-11 and "a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action." Civil L.R. 5-5(b) enables the Court to disregard any document that runs of afoul of this rule. Here, although the Motion contemplates that service would be effectuated on May 7, 2020, to date the *Alameda County Male Prisoners* plaintiffs have not filed a proof of service pursuant to Civil L.R. 5-5(b) as required by Civil L. R. 3-12(b). Dkt. No. 160 at 2. Thus, the County respectfully requests that the Court disregard this Motion on this alternative basis as well.

## IV.     CONCLUSION

The County respectfully requests that the Court deny the Administrative Motion to Relate at Dkt. No. 160, because the cases involve entirely different populations, different legal issues, and are at very different stages of litigation.

---

[3] To date, the *Mohrbacher* parties have appeared—either jointly or individually—in over ten (10) Mandatory Settlement Conferences before Magistrate Judge Laurel Beeler between May 14, 2018 and December 12, 2019. The parties' most recent settlement conference, scheduled for March 17, 2020, was vacated by the Court. See Dkt. No. 159.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 5 -

COUNTY OF ALAMEDA'S OPPOSITION
ADMINISTRATIVE MOTION TO RELATE
CASE NO.: 3:18-CV-00050-JD

| | |
|---|---|
| Dated:  May 11, 2020 | BURKE, WILLIAMS & SORENSEN, LLP |
| | By:  */s/ Gregory B. Thomas* |
| | Gregory B. Thomas |
| | Temitayo O. Peters |
| | Attorneys for Defendants |
| | COUNTY OF ALAMEDA GREGORY J. AHERN, BRETT M. KETELES, TOM MADIGAN, D. SKOLDQVIST, LT. JARED HATTAWAY, SGT. CALEGARI, DEPUTY SADIE DIVINE (512), DEPUTY DEBRA FARMANIAN, DEPUTY WEATHERBEE (238), DEPUTY TANIA POPE, DEPUTY KRISTEN WINSTEAD and DEPUTY CAIN (collectively "Alameda County Defendants") |

OAK #4851-7278-7132 v4