Peter G. Bertling (SBN 131602)
Jemma Parker Saunders (SBN 227962)
Bertling Law Group
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-869-1597
peter@bertlinglawgroup.com
jemma@bertlinglawgroup.com

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY WOMEN PRISONERS And Former Prisoners & Pregnant Prisoners, JAC JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, And JANE DOEs Nos, 1—X on behalf of themselves and others similarly situated, as a Class, and Sub-class, <br><br>                 Plaintiffs, <br><br> v. <br><br> ALAMEDA COUNTY SHERIFF'S OFFICE, GREGORY J. AHERN, BRETT M. KETELES, TOM MADIGAN, T. POPE, T. RUSSELL, D. SKOLDQVIST, LT. HATTAWAY, SGT, CALAGARI, DEPUTY DIVINE (#512), DEPUTY DEBRA FARMANIAN, DEPUTY WEATHERBEE (#238), DEPUTY TANIA POPE, DEPUTY WINSTEAD, DEPUTY CAINE, ALAMEDA COUNTY and John & Jane DOEs, Nos. 1-50. and CALIFORNIA FORENSIC MEDICAL GROUP, a corporation its Employees and Sub-Contractors, and Rick & Ruth ROEs Nos, 1-50, <br><br>                 Defendants. | Case No. 3:18-cv-00050-JD <br><br> **DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES FRCP RULE 12(b)(6)** <br><br> Hearing Date: May 27, 2021 <br> Hearing Time: 10:00 a.m. <br> Courtroom: 11, 19th Floor <br> Judge: Hon. James Donato <br><br><br> Action Filed: January 4, 2018 <br> Judge: Hon. James Donato |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE CLERK OF COURT AND ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC. ("CFMG") will and hereby does move this Court to dismiss all Causes of Action in Plaintiffs' Fourth Amended Complaint (Dkt. 187), pursuant to Federal Rule of Civil Procedure 12(b)(6):

A.  Plaintiffs' claims are subject to dismissal because there is no private right of action for claims brought pursuant to Title 15 of the California Code of Regulations per *King v. LA County Sheriffs' Office* (9th Cir. Ct. App. 2014) 672 Fed. Appx. 701, citing *Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal. App. 4th 1112;

B.  Plaintiffs' claims are subject to dismissal because Title 15 cannot form the basis of a 42 U.S.C. §1983 cause of action per *Lovell v. Poway Unified School District*, (1996) 90 F.3d 367;

C.  Plaintiffs' claims brought pursuant to 42 U.S.C. §1983 are subject to dismissal as plaintiffs have not stated a claim against CFMG pursuant to *Monell v. Department of Social Services*, (1978) 436 U.S. 658;

This motion will be based on this motion and notice of motion; the memorandum of points and authorities in support thereof; and any and all pleadings and papers filed herewith; and any oral argument presented at the hearing of this matter.

Respectfully submitted,

Dated: April 20, 2021          BERTLING LAW GROUP, INC.


*/s/ Peter G. Bertling*
Peter G. Bertling
Jemma Parker Saunders
Attorneys for Defendant
CALIFORNIA FORENSIC
MEDICAL GROUP, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

This case was originally filed on January 2, 2018 concurrent with an *ex-parte* Temporary Restraining Order ("TRO") (Dkt. 1, 3.)  The Court denied the TRO without prejudice. (Dkt. 16.)

Plaintiffs filed a First Amended Complaint and Motion for Preliminary Injunction on January 31, 2018 (Dkts. 17-18.)  Plaintiffs' First Amended Complaint alleged an "unconstitutional pattern and practice of aggressively misogynist, apparently programmatic, maltreatment of women prisoners, and pregnant women in particular," sought injunctive relief and asserted individual damages claims. (Dkt. 18)  Plaintiffs' Motion for Preliminary Injunction focused on pregnant women and prenatal care. (Dkt. 17.)

The Court held a hearing on Plaintiffs' Motion for Preliminary Injunction and issued an order permitting Plaintiffs to file a Second Amended Complaint, terminating a pending motion to dismiss and ordering the case to expedited trial in lieu of further injunction proceedings. (Dkt. 63.)  The Court issued a Scheduling Order setting jury trial on June 25, 2018 and referred the case to Magistrate Judge Beeler for settlement. (Dkts. 69-70.)

Plaintiffs filed a Second Amended Complaint – again focused on pregnant inmates and prenatal care – on April 12, 2018, and all three defendants filed motions to dismiss. (Dkts. 72, 78-79, 81.)  Plaintiffs filed a motion to certify a class of female inmates and a subclass of pregnant inmates on April 27, 2018. (Dkt. 85)  On May 2, 2018, the Court entered an order that "[t]he parties have settled the issues set to be tried on June 25, 2018," and vacated the trial date. (Dkt. 101.)

On June 26, 2018, Plaintiffs filed a Third Amended Complaint that focuses on female and pregnant inmates. (Dkt. 103)  Plaintiffs subsequently withdrew their motion for class certification and the parties engaged in very lengthy and ultimately unsuccessful settlement negotiations from June 2018 to November 2020 (Dkts. 104, 166.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CFMG denies they were deliberately indifferent to Plaintiffs' serious medical needs or that they violated any of their constitutional rights.  CFMG employees treated these patients with dignity, respect and compassion.  During settlement negotiations that lasted nearly two years, Counsel for CFMG repeatedly asked Plaintiffs' counsel to identify any CFMG policy or procedure regarding the treatment and care of females and pregnant inmates which their experts criticized or which violated any of the Plaintiffs' constitutional rights.  CFMG was *never* provided with this information.

On February 4, 2021, the Court held a status conference and agreed to retain jurisdiction of "all claims based on gender-specific allegations for female inmates." Plaintiffs were ordered to file an amended complaint based solely on those allegations by April 5, 2021. (Dkt. 184.)

## II.    LEGAL STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 255 F.3d 729, 732 (9th Cir.2001). A court may dismiss a complaint pursuant to 12(b)(6) where: (1) The complaint lacks a cognizable legal theory; or (2) the complaint alleges insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990). To meet pleading requirements and withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007)). This demands a presentation of factual allegations sufficient to state a plausible claim for relief, where the mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, supra, at 678-79 (emphasis added); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.2009). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); see also *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) stating

"unwarranted inferences are insufficient to defeat a motion to dismiss". If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570. Conclusory allegations are not entitled to a "presumption of truth." See *Iqbal*, 556 U.S. at 681. In *Iqbal*, the Complaint alleged Ashcroft was a "principal architect" of a policy and another defendant was "instrumental" in its adoption and execution. The Supreme Court held these claims amounted to conclusory allegations subjecting them to dismissal. Finally, it is not proper for the court to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On these bases, CFMG respectfully requests this Court dismiss plaintiffs' Fourth Amended Complaint.

### III. ARGUMENT

### A. Plaintiffs' Claims Are Subject to Dismissal Because There Is No Private Right of Action for Claims Brought Pursuant To Title 15 Of The California Code Of Regulations.

Plaintiffs' Fourth Amended Complaint is based, in part, on Wellpath's alleged violations of various sections of Title 15 of the California Code of Regulations. (Dkt. 187 ¶137-145.)

Title 15 of the California Code of Regulations in total sets forth a scheme for the regulation and management of California prisons. In this context, a number of provisions provide for minimum standards for inmate care and treatment during incarceration. Although California has set forth these regulations in Title 15, it did not create a private right of enforcement for the provisions of Title 15. Nowhere in the plain language of Title 15 do the regulations provide a private plaintiff with the ability to sue a jailer for a Title 15 violation. Moreover, interpreting case law analyzing this very issue has found no private right of action exists for Title 15 violations. *Von Villas v. Pallares*, (2014 E.D. CA) 2014 WL 3891934.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In analyzing the inter-relationship between Title 15 and the plaintiff's lawsuit, the Eastern District Court stated "The Court has found no authority to support a finding that there is an implied private right of action under Title 15 and Plaintiff has provided none. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff is unable to state any cognizable claims upon which relief may be granted based on the violation of Title 15 regulations. All such claims are properly dismissed." *Id*. at 11. Similarly, in *King v. County of Los Angeles*, the Ninth Circuit Court of Appeal held "dismissal of King's claims alleging violations of Title 15 of the California Code of Regulations was proper because the cited regulations do not create a private right of action." (2014) 672 Fed. Appx. 701, citing *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, (Ct. App. 2012) ["Only the Legislature, through enactment of a statute, can create a private right of action to directly enforce an administrative regulation . . . "].

Here, plaintiffs' 4th Amended Complaint is precisely alleging a private right of action against CFMG for alleged violations of Title 15. Since plaintiffs have no right to sue CFMG to comply with Title 15, and there are no other cognizable bases of suit against CFMG alleged in the 4th Amended Complaint, the Complaint should be dismissed.

**B.      Plaintiffs' Claims Are Subject to Dismissal Because Title 15 Cannot Form the Basis of a 42 U.S.C. §1983 Cause of Action.**

As stated above, the crux of plaintiffs' claims against CFMG regarding medical care and treatment of pregnant inmates in the Santa Rita Jail pertains to the alleged lack compliance with Title 15.  However, Plaintiffs' 4th Amended Complaint should be dismissed because CFMG's alleged violation of Title 15 cannot form the basis of a 42 U.S.C. §1983 claim.

Pursuant to its plain language, a claim brought pursuant to 42 U.S.C. §1983 may only be brought for deprivations of rights secured by the federal Constitution and laws. The Ninth Circuit Court of Appeal analyzed this issue in the context of a 42 U.S.C.

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S
MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES**

§1983 claim based on California Education Code §48950 pertaining to speech on campus in *Lovell v. Poway Unified School District*, 90 F.3d 367 (1996).

The Ninth Circuit held:

> "Our first concern is that the magistrate judge improperly conflated Lovell's federal and state law claims. We recognize the rule that when a violation of state law causes the deprivation of a right protected by the United States Constitution, that violation may form the basis for a Section 1983 action. Hallstrom v. City of Garden City, 991 F.2d 1473, 1482 n. 22 (9th Cir.) [holding that the violation of a state law requiring a post-arrest hearing before a magistrate judge constituted a cause of action under Section 1983], cert. denied, (1993) 510 U.S. 991. However, Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'Constitution and laws.' 42 U.S.C. §1983. To the extent that the violation of a state law amounts to the deprivation of a state created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress"

*Id*. at 370, citing *Brown v. Nutsch*, 619 F.2d 758, 764 (8th Cir.1980); cf. *Hallstrom*, 991 F.2d at 1482 n. 22.

Here, there is no distinction between the California Education Code section at issue in *Lovell* and the Title 15 section at issue against CFMG in this case. The question before this Court, as was before the Ninth Circuit, is whether the California statute allegedly violated by defendant amounts to a deprivation of a federal Constitutional right. On the basis of the facts alleged in the Second Amended Complaint herein, it does not. While the 8th and 14th Amendments preclude cruel and unusual punishment of prisoners, and jailers may not be deliberately indifferent to the serious medical needs of inmates, whether CFMG or its staff complied with Title 15 implicates neither of these federal rights. To find otherwise, this Court would have to determine that the "federal Constitution or law" mandates the requirements of Title 15. There is no authority for such a finding.

Given there are no other bases alleged for deprivation of rights against CFMG, the 42 U.S.C. §1983 claims, in any form should be dismissed against CFMG.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C.**   **Plaintiffs' 42 U.S.C. §1983 Claims Should Be Dismissed Against**
**CFMG For Failing to State a Claim Pursuant to Rule 12(b)(6).**

In order for plaintiffs to bring a cognizable 42 U.S.C. § 1983 claim for deliberate indifference to a serious medical need during the period in question, they "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

A plaintiff seeking a claim for liability under § 1983 against an individual must demonstrate that the defendant personally participated in the deprivation of the plaintiff's rights. See *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Liability cannot be established without the defendant's "integral participation" in the alleged constitutional violation, meaning "some fundamental involvement in the conduct that allegedly caused the violation." *Tandel v. County of Sacramento*, 2012 U.S. Dist. LEXIS 23959, *21 (E.D. Cal., Feb. 23, 2012) (quoting *Jones v. Williams*, 297 F.3d 930 at 935 (9 Cir. 2002) and *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007)).

In the present case, plaintiffs do not appear to describe any allegations against *CFMG individuals* to satisfy the above pleading standards for deliberate indifference or Section 1983 claims. Rather, the allegations state that "CFMG provided all medical care at the jail" and generally that unnamed "defendants" failed to provide care and other aspects of incarceration unrelated to CFMG's provision of medical care.

The Supreme Court in *Iqbal*, 556 U.S. 662 (2009), notably found that the plaintiff respondent's bare assertions against defendants Attorney General Ashcroft and F.B.I. Director Mueller were "formulaic" and "conclusory" and thus deficient:

> "We begin our analysis by identifying the allegations in the complaint that
> are not entitled to the assumption of truth. Respondent pleads that petitioners
> "knew of, condoned, and willfully and maliciously agreed to subject [him]"
> to harsh conditions of confinement "as a matter of policy, solely on account
> of [his] religion, race, and/or national origin and for no legitimate
> penological interest." The complaint alleges that Ashcroft was the "principal

1
2
3

> architect" of this invidious policy, and that Mueller was "instrumental" in
> adopting and executing it. These bare assertions, much like the pleading of
> conspiracy in Twombly, <u>amount to nothing more than a "formulaic
> recitation of the elements" of a constitutional discrimination claim</u>..."

4
5
6
7
8
9
10
11

*Iqbal*, 556 U.S. at 680 (quoting Twombly, 550 U.S. at 555) (emphases added) (some citations omitted). The *Iqbal* conclusory allegations are therefore similar to here where plaintiff failed to allege facts to support a Section 1983 claim. Plaintiffs' claims, like the claims in *Iqbal*, are conclusory and insufficient for a cognizable claim under section 1983. See also *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) wherein the Ninth Circuit finding an "absence of specifics is significant" in pleading a §1983 claim and that "bald and conclusory allegations" are insufficient to establish individual liability under §1983.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

It is clear plaintiffs have failed to plead a cognizable claim for individual liability based on 42 U.S.C. §1983 herein. A government entity cannot be held liable under § 1983 "solely because it employs atortfeasor." *Monell v. Dept. of Social Services*, 436 U.S. 658, 692 (1978). "[A] plaintiffseeking to impose liability on a municipality under §1983" is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232-33 (9th Cir. 2011) (*quoting Bd. of Cnty Comm'rs v. Brown*, 520 U.S. 397 at 403 (1997)). The Supreme Court provides that when a municipality is alleged to have caused a violation of an individual's constitutional rights, then "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee"; plaintiffs must demonstrate that a municipality was the moving force behind the injury "through its deliberate conduct." *Brown*, supra, 520 U.S. at 404, 405; See also *Gibson v. County of Washoe, Nev.,* 290 F.3d 1175, 1193-94 (9th Cir. 2002) [county liable if shown that policy was "moving force" behind constitutional rights violation]. After *Iqbal*, mere "threadbare recitals" and "conclusory statements" are routinely rejected, and the courts will not infer *Monell* liability for constitutional rights violations absent sufficient factual content. *Via v. City of Fairfield*, 833 F. Supp.2d 1189, 1196 (E.D. Cal.,

2011) (quoting *Iqbal*, 129 S. Ct. at 1949). Plaintiff must therefore allege facts establishing such a policy, it is not enough to simply state that there is a policy. *Telles v. City of Waterford*, No. 1:10-cv-00982, 2010 U.S. Dist. LEXIS 142649 at *4 (E.D. Cal. Dec. 20, 2010).

Here, plaintiffs' *Monell* allegations against CFMG, distinct from their claims against the County of Alameda, et al., consist of the following:

1.  Defendants WELLPATH (formerly CALIFORNIA MEDICAL GROUP "WELLPATH/CFMG") . . . have implemented and enforced, and without the Court's intervention will continue to implement and enforce, a policy, practice, and/or custom of denying pregnant women prisoners at Santa Rita Jail necessary and appropriate medical care, in violation of the Eighth Amendment, Fourteenth Amendment and Article 1, sections 7 and 17 of the California Constitution.  (Dkt 187 ¶ 4.)

2.  Plaintiffs allege "standard treatment protocols mandate that pregnant women prisoners with opioid dependence of any type are to be initiated into methadone treatment or maintained in their current treatment during their incarceration." (Dkt. 187 ¶ 96.) Plaintiffs concede "WELLPATH/CFMG maintains written protocols which call for it to initiate treatment for pregnant women using opioids," but claim that in 2017 these protocols were not always followed. (Dkt. 187 ¶ 97) However, Plaintiffs fail to identify any specific CFMG employees who failed to follow these protocol; whether these employees are still employed by CFMG; or whether any CFMG employee is failing to follow the protocols in 2021.

3.  Plaintiffs' JOHNSTON, IBE, ELLIS, MOHBARCHER and ZEPEDA generally alleged dissatisfaction with the treatment and care they received while they were pregnant.  Plaintiffs ELLIS and MOHRBACHER and ZEPEDA allege they were improperly counseled and repeatedly given

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S
MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES**

information about their right to have an abortion.  However, dissemination of this information does not arise to the level of a constitutional violation. These generalized allegations regarding the "denial of medical care" and lack of specificity regarding which CFMG employees either denied the care or try to coerce females patients to have an abortion. As with the First, Second and Third Amended Complaints, CFMG was challenged to locate even these remote claims alluding to policies, procedures, "programs" or practices within the Forth Amended Complaint. These allegations against CFMG are entirely insufficient under *Iqbal* standards, and should be dismissed.

## IV.     CONCLUSION

For all the foregoing reasons, Defendant California Forensic Medical Group respectfully asserts Plaintiffs' Fourth Amended Complaint should be dismissed against it for failure to state a claim pursuant to this Court's authority under Federal Rule of Civil Procedure Rule 12(b)(6).

Respectfully submitted,

Dated: April 20, 2021                    BERTLING LAW GROUP, INC.


*/s/ Peter G. Bertling*
Peter G. Bertling
Jemma Parker Saunders
Attorneys for Defendant
CALIFORNIA FORENSIC
MEDICAL GROUP, INC.