**LEWIS BRISBOIS BISGAARD & SMITH LLP**
PETER J. VAN ZANDT, SB# 152321
  E-Mail: Peter.VanZandt@lewisbrisbois.com
SALAYHA K. GHOURY, SB# 315392
  E-Mail: Salayha.Ghoury@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

**MORGAN, LEWIS & BOCKIUS LLP**
CHARLES J. REITMEYER (pro hac vice)
  Email: Charles.Reitmeye@morganlewis.com
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001

Attorneys for Defendant
ARAMARK CORRECTIONAL SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JACLYN MOHRBACHER, et al., | CASE NO. 3:18-cv-00050-JD |
| Plaintiffs, | **DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF JACLYN MOHRBACHER'S FOURTH AMENDED COMPLAINT** |
| vs. | |
| ALAMEDA COUNTY SHERIFFS OFFICE, et al., | |
| Defendants. | Date:     August 4, 2022<br>Time:    10:00 AM<br>Judge:  Hon. James Donato |

## NOTICE OF MOTION AND MOTION (LOCAL RULE 7-2(B)(2))

**PLEASE TAKE NOTICE THAT** on August 4, 2022, at 10:00 AM, or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 11, 19th Floor, the Honorable James Donato presiding, Defendant ARAMARK CORRECTIONAL SERVICES LLC ("ARAMARK") will move this Court pursuant to FRCP 12(b)(1) for an order dismissing Plaintiff Jaclyn Mohrbacher's Fourth Amended Complaint

claims asserted against Aramark on the following grounds:

1. Ms. Mohrbacher lacks standing to bring any claims against Aramark.

2. Ms. Mohrbacher does not identify any injury in fact or other damages resulting from the claimed conduct of Aramark.

3. Ms. Mohrbacher does not allege Aramark caused any injury.

4. Ms. Mohrbacher has failed to respond to written discovery propounded by Aramark.

For these reasons, Aramark requests dismissal of all claims asserted by Plaintiff Jaclyn Mohrbacher against Aramark in her Fourth Amended Complaint for failure to state any claims for which relief may be granted.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers filed herein and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

Dated:  June 29, 2022                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By: */s/ Salayha K. Ghoury*
Peter J. Van Zandt
Salayha K. Ghoury
Attorneys for Defendant
ARAMARK CORRECTIONAL SERVICES, LLC



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Jaclyn Mohrbacher brings suit against, among others, Aramark Correctional Services LLC ("Aramark") ostensibly for damages relating to a miscarriage she suffered while incarcerated at Santa Rita Jail ("SRJ"). Specifically, Ms. Mohrbacher alleges that during a strip search, she began "bleeding vaginally due to the stress and harassment," and not due to the food. Fourth Amended Complaint ("FAC." Dkt. 203) at ¶110. Although the FAC contains detailed allegations concerning Ms. Mohrbacher's claims regarding the medical care provided to her, her lack of outdoor recreation and a strip search of her, there are **no** allegations concerning the food as to Ms. Mohrbacher. Dkt. 203, FAC at ¶108-10. In this regard, Ms. Mohrbacher does not and cannot make any allegations that she was harmed by the food in any manner while she was pregnant at SRJ. She, therefore, cannot put forth a viable claim against Aramark in the FAC.

Going beyond the FAC, during her deposition, Ms. Mohrbacher *confirmed* that nothing Aramark did, or failed to do, was the cause of her miscarriage. Indeed, Ms. Mohrbacher testified that she was not damaged *in any way* by the food served to her by Aramark at SRJ. Also, although she has failed to respond to Aramark's written discovery, her responses to the Sheriff's Office's Interrogatories do not identify Aramark or the food at SRJ as the basis for any of her damages.

As a result, Ms. Mohrbacher has not alleged and cannot prove an "injury in fact" or causation connecting the food served to her by Aramark during the limited time that she was pregnant in SRJ to any alleged injury. Indeed, Ms. Mohrbacher admits that food provided to her by Aramark does not pose a substantial risk of harm to her. As such, Ms. Mohrbacher lacks standing to maintain a claim against Aramark and all her claims in the FAC should be dismissed as to Aramark in full, with prejudice, for lack of standing.

## II. FACTS

The allegations of Plaintiffs' Fourth Amended Complaint ("FAC") have been limited by this Court to the claim that Aramark allegedly violated Ms. Mohrbacher's constitutional rights by

providing inadequate food to sustain her health <u>during her pregnancy</u> at SRJ.[1] Ms. Mohrbacher is a current female inmate of the SRJ. Dkt. 203, FAC, ¶ 12. She was pregnant when she entered SRJ and suffered a miscarriage sometime during her incarceration. Dkt. 203, FAC, ¶ 108-11. Specifically, Ms. Mohrbacher alleges that during a strip search in December of 2017, she began "bleeding vaginally due to the stress and harassment." Dkt. 203, FAC, ¶ 110. Ms. Mohrbacher alleges that "[d]uring or shortly following this search . . . , [she] continued bleeding and suffered a miscarriage." Dkt. 203, FAC, ¶ 110. As stated, there is no mention of food or of Aramark anywhere in Ms. Mohrbacher's allegations.

Ms. Mohrbacher's only claims for relief against Aramark are under the Eighth and Fourteenth Amendments of the United States Constitution, and Article I, Section 17 of the California Constitution, and are brought pursuant to 42 U.S.C. § 1983. Ms. Mohrbacher's sole claim, as pled in the FAC against Aramark is that Aramark violated her constitutional rights by providing inadequate food to sustain her health at the SRJ. Dkt. 203, FAC, ¶¶ 164-177. There is no factual basis for this claim, either in the FAC, or that was identified during discovery.

Ms. Mohrbacher never alleges that the food served to her by Aramark caused her to miscarriage. The FAC is wholly silent as to any injury in fact alleged to stem from Aramark's presence at the SRJ. In fact, Ms. Mohrbacher has *disavowed* any connection between Aramark and her miscarriage. During her deposition, Ms. Mohrbacher confirmed that Aramark did not cause her miscarriage:

> Q: …. And has any health care provider, doctor, nurse ever told you that your miscarriage was caused in any way by Aramark or the food provided to you at Santa Rita jail?
>
> A: No.

---

[1] See Order from August 12, 2021, hearing regarding Defendants Motion to Dismiss, "For the food issues raised in the FAC, the Court will focus on the ones related to pregnant women inmates." Dkt. 204.



*See* Declaration of Salayha K. Ghoury ("Ghoury Dec."), at ¶ 6, Exhibit A, February 1, 2022, Deposition of Jaclyn Mohrbacher ("Mohrbacher Depo.") at pp. 215:19-23.

Ms. Mohrbacher has also failed to respond in any way to discovery requests served by Aramark related to her claims and any alleged injuries, despite repeated follow-up from defense counsel.

In her responses to the Sheriff's Office's Interrogatories, Ms. Mohrbacher did not identify Aramark or the food at SRJ as the basis for any of her damages.[2] *See* Ghoury Dec., at ¶ 7, Exhibit B, Responses to Deputy Debra Farmanian's Interrogatories at pp. 2-3. Indeed, when questioned concerning her Responses to Deputy Debra Farmanian's Interrogatories, Ms. Mohrbacher confirmed that she was not damaged in any way by the food served to her by Aramark at Santa Rita Jail:

> Q: …. So is it fair to say that you're not claiming in this litigation any damages, any economic damages caused to you by Aramark?
>
> A: No.
>
> ….
>
> Q: …. So is it fair to say that in this litigation you're not seeking any non-economic damages from Aramark?
>
> A: Right.
>
> Q: I want to go broader here, okay? Can you in any way identify any damages to you caused by Aramark --
>
> A: No.
>
> Q -- whether alleged in this litigation or

---

[2] Even though Ms. Mohrbacher amended her responses to the Sheriff's Office's Interrogatories, she did not add any claims that Aramark or the food at SRJ caused any of her alleged damages. See Ghoury Dec., at ¶ 8, Exhibit C, Amended Responses to Deputy Debra Farmanian's Interrogatories



```
                    not?

            A:      No.
```

*See* Ghoury Dec., at ¶ 6, Exhibit A, Mohrbacher Depo. at 217:24-218:18.

Similarly, Ms. Mohrbacher confirmed that she was not harmed in any way by the food served to her by Aramark at Santa Rita Jail:

```
            Q:      Has any doctor, nurse, health care
                    provider, dietician ever told you that the food that
                    you received from Aramark at the Santa Rita jail
                    constitutes a substantial risk of harm to you?
            A:      No.
            Q:      Are you claiming in this litigation that
                    the food provided to you by Aramark poses a
                    substantial risk of harm to you?
            A:      No.
```

*Id.* at 233:7-15.

There is no nexus between any alleged injury suffered by Ms. Mohrbacher and Aramark. It has become increasingly clear as this litigation continues that Ms. Mohrbacher does not have a valid claim against Aramark.

### III.    ARGUMENT

#### A.     This Court Should Dismiss Plaintiff's Claim for Lack of Standing

Pursuant to Rule 12(b)(1), a district court must dismiss a complaint when the court lacks subject matter jurisdiction, which includes when a plaintiff lacks constitutional standing. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under [Rule] 12(b)(1)."); *Lammey v. Valdry*, 2021 WL 840436, at *2 (C.D. Cal. Feb. 4, 2021) (approving, for same reason, use of Rule 12(b)(1) motion as mechanism for raising mootness). To satisfy Article III standing, a plaintiff must show that (1) she has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly

traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868-69 (9th Cir. 2002).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White*, 227 F.3d at 2 1242). A facial attack is based on the challenger's assertion that allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.; see also Langer v. Guest*, (C.D. Cal. Oct. 26, 2021). Ms. Mohrbacher's own allegations are sufficient to demonstrate a lack of subject matter jurisdiction.

### 1. Ms. Mohrbacher Has Failed to Allege Any Injury in Fact Attributable to Aramark

The most basic requirement to confer standing requires a plaintiff to plead the existence of an injury in fact, meaning that the injury is of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Ms. Mohrbacher fails to do this as to Aramark.

Here, Ms. Mohrbacher fails to allege any actual physical injury to herself caused by the food served at the Santa Rita Jail or that her miscarriage resulted in any part because of the food served at the Santa Rita Jail. Nowhere in the FAC or in Ms. Mohrbacher's deposition testimony has any allegation been proffered that Aramark caused her any injury.

Ms. Mohrbacher testified that she was not damaged in any way by the food served to her by Aramark at Santa Rita Jail:

> Q: …. So is it fair to say that you're not claiming in this litigation any damages, any economic damages caused to you by Aramark?
>
> A: No.
>
> ….
>
> Q: …. So is it fair to say that in this

```
litigation you're not seeking any non-economic
damages from Aramark?
A:      Right.
Q:      I want to go broader here, okay? Can you
in any way identify any damages to you caused by
Aramark --
A:      No.
Q       -- whether alleged in this litigation or
not?
A:      No.
```

See Ghoury Dec., at ¶ 6, Exhibit A, Mohrbacher Depo. at 217:24-218:18.

Courts around the country have dismissed inmate food claims on similar grounds. *Lymon v. Aramark*, 728 F.Supp.2d 1222 (D.N.M. 2010)(granting motion to dismiss as to plaintiff's claims of improper oversight of kitchen conditions based on lack of standing where plaintiff failed to allege that he suffered any actual or threatened injury as a result of the allegedly illegal conduct). *See also Brewster v. Aramark*, No. 2:14-cv-273, 2015 WL 877885 (S.D. Ohio March 2, 2015)(dismissing Plaintiff's complaint regarding jail meals on standing grounds).

Because Ms. Mohrbacher fails to allege a causal connection between her miscarriage and the allegedly illegal conduct of Aramark, this Court lacks standing to hear Ms. Mohrbacher's claims against Aramark in that she cannot meet the basic requirements for Article III standing.

### 2. *Ms. Mohrbacher Has Failed to Participate in the Written Discovery Process*

On January 26, 2022, Aramark served discovery to Ms. Mohrbacher. *See* Ghoury Dec., at ¶ 2. Plaintiff Mohrbacher has not responded to the discovery requests despite multiple reminders to do so. Ghoury Dec., at ¶¶ 3-5. Further, the Court has instructed Ms. Mohrbacher to provide full and complete responses to the Defendants' discovery requests. Ghoury Dec., at ¶ 4. Aramark last followed up with Plaintiffs' Counsel as to Ms. Mohrbacher's failure to respond to Aramark's discovery requests on April 26, 2022, but Plaintiffs' Counsel did not respond to the e-mail and no

discovery responses were ever received. Ghoury Dec., at ¶ 5.

On its own, Ms. Zepeda's failure to expeditiously prosecute her case might warrant lesser sanctions. Here, the totality of the circumstances warrant dismissal. Ms. Mohrbacher should not be permitted to unduly and unreasonably prolong this lawsuit. Aramark, who has been hauled into this Court because of Plaintiffs' allegations, has a right a reasonably timely resolution. See, e.g., *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ["Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays."]. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Given that nearly four and one-half years have passed since the filing of the Complaint in this action, Ms. Mohrbacher's failure to respond to Aramark's written discovery is inexcusable. Taken together with her failure to allege an injury-in-fact resulting from any of Aramark's actions, dismissal is warranted.

**IV.   CONCLUSION**

Plaintiff Jaclyn Mohrbacher's Fourth Amended Complaint fails to articulate any claims against Aramark by Ms. Mohrbacher for which relief may be granted. Aramark therefore respectfully requests that the Court dismiss Ms. Mohrbacher's claims in the Fourth Amended Complaint against Aramark. Moreover, since Ms. Mohrbacher has already been given ample opportunity to amend her Complaint, Aramark respectfully requests that the Court dismiss her claims in the Fourth Amended Complaint against Aramark with prejudice.

Dated:  June 29, 2022                          LEWIS BRISBOIS BISGAARD & SMITH LLP

                                               By: /s/ Salayha K. Ghoury
                                                   Peter J. Van Zandt
                                                   Salayha K. Ghoury
                                                   Attorneys for Defendant
                                                   ARAMARK CORRECTIONAL SERVICES, LLC



## **ATTESTATION PER LOCAL RULE 5-1(h)(3)**

I, Salayha K. Ghoury, attest that concurrence in the filing of this document has been obtained from the other signatory.

DATED: June 29, 2022                    LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ *Salayha K. Ghoury*
SALAYHA K. GHOURY
Attorneys for Defendant
ARAMARK CORRECTIONAL SERVICES LLC

