LAW OFFICES OF YOLANDA HUANG
YOLANDA HUANG, SBN 104543
PO Box 5475
Berkeley, CA 94705
Telephone: (510) 329-2140
Facsimile:  (510) 580-9410
Email: yhuang.law@gmail.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | No. 3:18-cv-00050-JD<br><br>PLAINTIFFS' TRIAL BRIEF<br><br>Date:  May 4, 2023<br>Time: 10 am.<br>COURTROOM: 11, 19th Floor<br><br>Hon. JAMES DONATO, presiding<br>Action filed:  January 4, 2018 |

  This case arises out of injuries that took place in the second half of 2017, when Christine Zepeda and Jaclyn Mohrbacher, were incarcerated at Santa Rita Jail, were both pregnant and both suffered miscarriages. Both women complain of lack of medical care, and disregard by the medical provider for their medical needs. During the time of their pregnancies, both Christina Zepeda and Jaclyn Mohrbacher were pretrial detainees.

  Plaintiffs Zepeda and Mohrbacher are joined by two additional former Santa Rita inmates, Adanna Ibe and Erin Ellis who were pregnant and were able to carry their babies to term, but with great discomfort. Adanna Ibe was a pretrial detainee during the entire period of her pregnancy. Erin Ellis entered a plea to a non-violent, non-serious felony half-way through her pregnancy, so for the second half, she was subject to the 8th Amendment standards.

1

**PLAINTIFFS' TRIAL BRIEF**
*Mohrbacher, et al  v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:18-cv-00050 JD

While all four women have different experiences on their face, due to different medical needs, the common thread that connects their experiences, is defendant CFMG/Wellpath's deliberate practice and unwritten policy to deny medical care.

While this case began on behalf of all women inmates at Santa. Rita Jail, the Court has severed the claims on behalf of non-pregnant and non-postpartum women inmates, for consolidation with the Gonzalez v. Alameda County Sheriff's Office case, 3:129-cv-07423-JSC

The other two defendants, Alameda County and Aramark Correctional services, Inc. have settled with plaintiffs. The only remaining defendant is the medical provider Correctional Forensic Medical Group or "CFMG" also known as Wellpath.

Plaintiffs' claims against defendant CFMG/Wellpath, are one count for deprivation of rights pursuant to 42 U.S.C. 1983 under the 8th and/or the 14th amendment. And one count for deprivation of rights under Article I, Section 17 of the California Constitution.

Plaintiffs are alleging that defendant failed to provide adequate medical care for pregnant and post partum women, creating a substantial risk of harm and injury, and in fact all four women were injured. Christine Zepeda and Jaclyn Mohrbacher lost their babies. Adanna Ibe suffered severe pain during her pregnancy and developed hemorrhoids. Erin Ellis was denied the ability to exercise, not prescribed healthy food, and as a result became morbidly obese.

The contract between defendant CFMG and with Wellpath, and Alameda County, specifies that the medical provider is reimbursed on a per diem basis. This is a fixed amount, regardless of the amount of medical care provided, nor of the actual cost for the medical care. This contract incentivizes the medical provider to delay and avoid providing medical care, in order to keep medical costs low, and profits high.

The gravamen of plaintiffs' claims is that defendant Wellpath, as a for profit corporation, prioritized and practiced denial of medical care. As part of the evidence of this denial of care, defendant CFMG and Wellpath lacked the necessary policies and protocols to actually provide competent medical care to pregnant and post partum women. As a result, both plaintiffs Christine Zepeda and Jaclyn Mohrbacher did not received competent and needed medical care, and miscarried.

Adanna Ibe was routinely denied medication to relieve her severe constipation. Defendant CFMG failed and refused to provide her appropriate food p so that she could receive fruits and vegetables that contained fiber necessary for her bowel movements. And even when Adanna Ibe was provided medication, it was not consistent and intermittent. As a result, Adanna Ibe's constipation

2

**PLAINTIFFS' TRIAL BRIEF**
*Mohrbacher, et al v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:18-cv-00050 JD

was a chronic problem, she was in pain for a majority of her pregnancy and now suffers from hemorrhoids.

Erin Ellis was pregnant in Santa Rita. During this period of time, she had no place to be except on her bed. Defendant CFMG failed to issue her appropriate shoes so she could walk around, and she was required to wear foam rocs, which were slippery. At one point plaintiff Erin Ellis slipped and fell and seriously hurt her knee due to the slippery foam shoes. Defendant CFMG exhorted her to exercise but failed to provide her with a medical slip so she could get access to the bathroom. Bathrooms are only in the cells. There are no bathrooms in the common area. Once the inmates leave the cells, the cell doors are locked and women no longer have access to the bathroom. To get access to the bathroom during out of cell time requires special dispensation, and often requires significant waiting because a deputy had to be present for her to return to her cell. Due to her weight, her pregnancy and the pressure on her bladder, Erin could not be without access to a bathroom. Therefore, Erin spent almost her entire pregnancy on her bed. And while defendant CFMG could have written her a prescription for access to the bathroom, they did not. While defendant CFMG could have written her a prescription for shoes rather than foam crocs, they did not, because the cost of shoes would have come out of CFMG's budget.

Legal Standard

Plaintiffs allege that defendant CFMG/Wellpath had a policy and practice to deny medical care. Under 42 USC 1982, plaintiffs bring their claim that they were deprived of their rights under the 8th and 14th amendments of the United States Constitution, and deprived of their rights. Defendant Wellpath, as the agent for Alameda County, in providing constitutionally required medical care, was operating under Color of Law, and as an agent of the County.

There's no dispute that pregnancy meets all the criteria enumerated by the 9th Circuit. Pregnancy is a serious medical condition that requires a doctor's attention. Pregnancy is a condition which a reasonable doctor or patient would perceive the medical need as "important and worthy" of treatment, and pregnancy is a condition that significantly affects daily activities. *Carnell v. Grimm*, 872 F.Supp. 746, 755 (D.Haw. 1994), appeal dismissed in part, aff'd in part, 74 F.3d 977 (9th Cir. 1996). Untreated pain can be a serious medical condition. See *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011) (per curiam) (holding pain from untreated hernia can be a serious medical need independent of other concerns); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (holding

"a non-trivial delay in treating serious pain can be actionable even without expert medical testimony showing that the delay aggravated the underlying condition").

And as pretrial detainees, under the Due Process Clause, plaintiffscannot be punished. Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861 (1979); They can only be detained to ensure their presence at trial, and subjected to rules and restrictions that are reasonably related to jail management and security. *Bell v. Wolfish*, 441 U.S. at 540.

As specified in the 9th Circuit's Model Jury instruction 9.30, under the 14th Amendment, plaintiffs need to show:

1. Defendants made an intentional decision regarding the denial of needed medical care;
2. The denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;
3. Defendant did not take reasonable, available measures to abate or reduce the risk of serious harm;
4. By not taking such measures, the defendant caused the plaintiff's injuries.

The standard is objectively unreasonable. The jury should not be instructed that they must assess CFMG's state of mind (ie. knew or should have known") as part of its causation analysis. Indeed, CFMG, as a corporate entity, much like a governmental institution, has no "state of mind". See, e.g., Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016) ("government entities, unlike individuals, do not themselves have states of mind.").

Furthermore, the Supreme Court has consistently used "direct causal link" to define Monell causation. *Bd of the Cnty Commissioners v Brown*, (1997) 520 U.S. 397, 404. The word "link" is not surplusage. " "Link" means "anything serving to connect one part or thing with another; a bond or tie…." When a Monell theory is advanced, the policy or custom connects with the induvial tortfeasor's unconstitutional act.

Therefore the causation means the challenged policy, custom or practice that is linked to the violation of a federally protected right. Plaintiffs need show only a direct causal link between the defendant's policy, custom or practice and the deprivation of a constitutional right or injury.

In the present case, the issues are simplified because plaintiffs are claiming that the actions of defendant CFMG, the denial of medical care, itself violated their rights. As the Court in *Brown*, supra. stated if the jury finds that the decision to withhold medical care is in and of itself, to be unconstitutional, then fault and causation are obvious. *Brown* at 406.

4

**PLAINTIFFS' TRIAL BRIEF**
*Mohrbacher, et al v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:18-cv-00050 JD

And while, there was no articulated policy to deny medical care, the practice in and of itself, was to routinely deny medical care.  Furthermore, defendant CFMG's articulated policies for pregnant and post partum women, was so woefully lacking of the necessary compoennts fspecifying and outlining the needed medical care for pregnant women, that the lacks or rather the silence, in and of itself constitutes denial of medical care.

<u>Factual Disputes</u>.  As the Court noted from the inception of this case, the factual disputes are wide.  Even today, the facts stated in defendant CFMG's Trial Brief are unrecognizable and unfamiliar.  Therefore Plaintiffs seek to demonstrate through evidence, that defendant CFMG had a pattern and practice of denying medical care.  And that will necessitate taking the testimony of individual inmates, who were all denied medical care.

Respectfully submitted,

Dated: April 20, 2023   **LAW OFFICE OF YOLANDA HUANG**

_____/s/ Yolanda Huang_____
YOLANDA HUANG

5

**PLAINTIFFS' TRIAL BRIEF**
*Mohrbacher, et al  v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:18-cv-00050 JD