Charles J. Reitmeyer (pro hac vice)
charles.reitmeyer@morganlewis.com
Mary C. Lester (pro hac vice)
mary.lester@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel:     +1.215.963.5000
Fax:    +1.215.963.5001

Kevin M. Benedicto (Bar No. 305802)
kevin.benedicto@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendant
ARAMARK CORRECTIONAL SERVICES LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 3:18-cv-00050-JD<br><br>**DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge:    Hon. James Donato |

**NOTICE OF MOTION AND MOTION (LOCAL RULE 7-2(B)(2))**

**PLEASE TAKE NOTICE THAT** on March 14, 2024 at 10 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 11, Defendant ARAMARK CORRECTIONAL SERVICES LLC ("Aramark") will move this Court for an order enforcing the settlement agreement between Aramark and Plaintiffs and dismissing Plaintiffs' claims against Aramark with prejudice on the following grounds:

1. Plaintiffs and Aramark executed a confidential settlement agreement on May 9, 2023.
2. As part of the settlement agreement, Aramark was to send Plaintiffs a check for the agreed-to settlement amount and Plaintiffs were to request that the Court issue an order for the dismissal with prejudice of all claims against Aramark and all of their claims related to the food served at the Santa Rita Jail.
3. Aramark issued a check to Plaintiffs on May 15, 2023. Plaintiffs refused to cash the check.
4. Aramark reissued the check on December 20, 2023 after the first one became void. Plaintiffs continue to refuse to cash the reissued check.
5. For months, Aramark has requested that Plaintiffs provide the agreed-to Stipulation of Dismissal, including as recently as a request to meet and confer on January 15, 2024.
6. Plaintiffs did not respond to Aramark's offer to meet and confer and have not provided Aramark with the agreed-to Stipulation of Dismissal.
7. Aramark sent Plaintiffs a draft Stipulation of Dismissal on January 24, 2024 as a final attempt at resolution. Plaintiffs refuse to provide Aramark with their authority to file the Stipulation.

For these reasons, Aramark requests the Court grant its Motion to Enforce Settlement Agreement and order that Plaintiffs claims against Aramark as set forth in Plaintiffs' Fourth Amended Complaint be dismissed with prejudice.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

Dated: February 1, 2024

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Charles J. Reitmeyer*
Charles J. Reitmeyer
Attorneys for Defendant
ARAMARK CORRECTIONAL SERVICES LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

More than nine months ago, Defendant Aramark Correctional Services LLC ("Aramark") and Plaintiffs executed a confidential settlement agreement that fully resolved this case against Aramark. *See* April 4, 2023 Order (ECF 348). As part of the settlement agreement, Aramark was to issue a settlement check to Plaintiffs for an agreed-upon amount, and Plaintiffs were to request that the Court issue an order for the dismissal with prejudice of all claims against Aramark (the "Stipulation of Dismissal"). Although Aramark has fulfilled its obligation and sent to Plaintiffs the settlement check, Plaintiffs refuse to agree to the dismissal of Aramark and all of their claims related to the food served at the Santa Rita Jail. Aramark has spent months attempting to resolve the dispute with Plaintiffs directly to no avail.

Aramark now respectfully requests that this Court to enter an order enforcing the settlement agreement and dismissing with prejudice all claims by Plaintiffs against Aramark.

## II. FACTUAL BACKGROUND

On October 26, 2022 the Court ordered the parties to a settlement conference before Magistrate Judge Beeler to be held in February 2023. *See* October 26, 2022 Order Setting Settlement Conference for February 22, 2023 (ECF 314); January 13, 2023 Order Resetting Settlement Conference for February 27, 2023 (ECF 327). Aramark participated in this settlement conference with Plaintiffs. *See* Declaration of Charles J. Reitmeyer ("Reitmeyer Decl."), ¶ 3. Soon after, Aramark and Plaintiffs resolved all issues between the parties related to Plaintiffs' food claims. *See* April 4, 2023 Order (ECF 348) ("The case resolved fully (both the monetary and non-monetary components) against . . . Aramark."); *See* Reitmeyer Decl., ¶ 3. The parties then executed a formal and confidential settlement agreement on May 9, 2023. *Id.*, ¶ 4.

As part of the settlement agreement, Aramark was to send Plaintiffs a check for the agreed-to settlement amount and Plaintiffs were to prepare and send Aramark a Stipulation of Dismissal for this matter. *Id.*, ¶ 5. Aramark issued Plaintiffs the settlement check on May 15, 2023. *Id.*, ¶ 6. When Plaintiffs failed to cash the check, Aramark reissued payment on December 20, 2023. *Id.*, ¶¶ 7-8. Moreover, Aramark has repeatedly asked Plaintiffs, by phone and email, to

send the Stipulation of Dismissal, including as recently as a request to meet and confer on January 15, 2024. *Id.*, ¶¶ 9-11; Exhibit A to Reitmeyer Decl. at 1 (Email from C. Reitmeyer to Y. Huang, dated January 15, 2024). Plaintiffs did not respond to Aramark's offer to meet and confer. As a final attempt at resolution and for Plaintiffs' convenience, Aramark sent to Plaintiffs a draft Stipulation of Dismissal on January 24, 2024. *Id.*, ¶ 12; *see* Exhibit B to Reitmeyer Decl. at 1 (Email from C. Reitmeyer to Y. Huang, dated January 24, 2024). Plaintiffs, however, refuse to provide Aramark with their authority to file the Stipulation.

## III.   ARGUMENT

This Court should enter an order enforcing the parties' settlement agreement, and dismissing with prejudice all claims by Plaintiffs against Aramark.

Aramark understands Plaintiffs are refusing to fulfill their obligations under the settlement agreement and provide or agree to the Stipulation of Dismissal because they believe that an individual, Tikisha Upshaw, is still a Plaintiff in this case with a claim against Aramark. Plaintiffs are wrong. This Court dismissed Ms. Upshaw as a Plaintiff on August 21, 2021:

> The allegations in the FAC are inadequate to allege standing for twenty-five plaintiffs. In light of the fact that this is a fourth iteration of the complaint, further amendment is denied. Counsel for plaintiffs agrees with these determinations. Consequently, the case will go forward with these named plaintiffs, who have plausibly alleged injuries: Johnston, Jackson, Ibe, Ellis, Mohrbacher, and Zepeda.

*See* August 12, 2021 Minute Entry Regarding Motion to Dismiss (ECF 204).

Aramark reminded Plaintiffs of the Court's August 21, 2021 Order dismissing Ms. Upshaw from the case. *See* Exhibit A to Reitmeyer Decl. at 2 (email from C. Reitmeyer to Y. Huang dated Dec. 7, 2023). Yet, and without explanation, Plaintiffs continue to refuse to provide or agree to a Stipulation of Dismissal. Aramark has no other form of recourse than to seek intervention from the Court.

## IV.   CONCLUSION

For the foregoing reasons, Aramark respectfully requests that this Court enter an order enforcing the parties' settlement agreement and dismissing with prejudice all claims by Plaintiffs against Aramark.

| | | |
|---|---|---|
| 1 | Dated: February 1, 2024 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | |
| 3 | | By /s/ *Charles J. Reitmeyer* |
| 4 | | Charles J. Reitmeyer<br>Attorneys for Defendant<br>ARAMARK CORRECTIONAL |
| 5 | | SERVICES LLC |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

6

## **E-FILING ATTESTATION**

I, Kevin M. Benedicto, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

/s/ Kevin M. Benedicto
_____
Kevin M. Benedicto